**KOTHMANN v. LETT et al.**

No. 10034.

Court of Civil Appeals of Texas.
Austin.

April 9, 1952.

Rehearing Denied April 30, 1952.

Lawrence L. Bruhl, Llano, Lee & Lee, Mason, Tom H. Davis, III, Ralph W. Yarborough, Austin, for appellant.

Alfred M. Scott, Austin, for appellees on appeal only.

HUGHES, Justice.

This writ of error appeal is by appellant, Rubin Kothmann, from a $17,900 default judgment rendered against him on April 14, 1951, in favor of appellees H. J. Lett, his wife Harriet Lett and infant daughter Larry Ann Lett for damages including damages for personal injuries sustained by them as a result of inhaling gas fumes while occupying a tourist cabin owned and operated by appellant.

The transcript shows these proceedings:

Appellees' petition was filed February 4, 1951, and named appellant and the Lone Star Gas Company as defendants.

Citation was issued for appellant February 24, 1951, which was served on March 9, 1951, and filed in the District Clerk's office on March 10, 1951.

The Lone Star Gas Company filed its answer on March 17, 1951.

On April 14, 1951, at 11 o'clock A.M., appellees filed a motion for nonsuit against the Lone Star Gas Company and for default judgment against appellant with a request for a nonjury inquiry into the issue of damages and for final judgment for the amount of damages found to be due.

At 11:45 o'clock A.M. on the same day, April 14, 1951, final judgment, covering more than two pages, was filed.

Appeal from this judgment by writ of error was perfected on August 22, 1951.

No statement of facts has been brought forward, the trial court certifying with reference thereto, as follows:

"I, Thos. C. Ferguson, Judge of the District Court of Burnet County, Texas, before whom the case of H. J. Lett, et al., vs. Rubin Kothmann, et al., was heard on the 14th day of April, 1951, certify that no court reporter was present and reported the evidence adduced by the plaintiffs at the hearing on the default judgment on April 14, 1951, and that no shorthand reporter or stenographer took down the evidence adduced by the plaintiffs at the hearing. There is not now available any official written report of the evidence.

"Signed and entered of record, and ordered recorded in the minutes, this the 25th day of August, 1951."

Appellant's first point is that the judgment is erroneous because it allowed appellee H. J. Lett to recover damages for the deaths of his business associates, Leon Lynch and Sylvia Lynch, it not being alleged that appellees were within the class of persons entitled to sue for damages for wrongful death as provided in Article 4675, Vernon's Ann.Civ.St.

Appellant's third point is that the judgment is excessive. Our disposition of these points makes immaterial appellant's other points.

Since a default judgment admits only facts which are well pleaded and the effect of such default is to be measured by the pleadings it is essential, in determining these points, that we analyze the judgment in the light of the pleadings. 25 Tex.Jur. p. 402, et seq.

We quote from the judgment:

"* * * the court finds that the plaintiffs ought to recover their damages occasioned by reason of the premises alleged in plaintiffs' original petition herein against said defendant Rubin Kothmann who is in default; * * * and it appearing to the court that the plaintiffs have been damaged by the defendant Rubin Kothmann in the amounts hereinafter awarded and adjudged, it is therefore ordered, adjudged and decreed by the court that the plaintiff H. J. Lett, in his own behalf and in behalf of his wife, Har-

riett Lett, do have and recover of and from the defendant Rubin Kothmann the sum of Sixteen Thousand Nine Hundred Dollars ($16,900.00), together with interest thereon at the rate of six per cent. (6%) per annum from the date hereof until paid, * * *.

"It is further ordered, adjudged and decreed by the court that the Plaintiff H. J. Lett, as father and next friend of his minor daughter Larry Ann Lett, do have and recover for and on behalf of said minor child of and from the defendant Rubin Kothmann the further sum of One Thousand Dollars ($1000.00), together with interest thereon at the rate of six per cent. (6%) per annum from date hereof until paid, * * *."

Appellees' petition filed February 24, 1951, alleged that on or about February 2, 1951, appellant owned and operated a tourist court in Marble Falls, Texas; that appellee, his wife and child were occupying one of the courts as tenants on said date; that such court was equipped with a gas stove which was left burning all night. That due to the court being poorly ventilated, damp and otherwise inadequately furnished and equipped that gas and gas fumes escaped from the stove, connections and pipes " * * * causing discomfort and illness of plaintiffs and each of them" and their " * * * health was seriously affected resulting in their serious illness and having to be removed to the Burnet County Hospital. * * *"

The petition further alleged:

"Plaintiffs say that by reason of said action and injury and the negligence and the carelessness of said Defendants and each of them as well as their agents, servants, and employees, they received great and serious bodily and mental injuries resulting in great pain and suffering to each of them; that Plaintiff's wife and daughter were compelled to spend considerable time in said hospital for their injuries and sickness, that the Plaintiff's wife Harriett Lett had a bad

case of influenza or pneumonia and that their said daughter suffered from pneumonia and other physical and mental disturbances and that Plaintiffs and each of them still now are suffering and continuously suffer from their said injuries and illnesses. That prior to and up to the time of moving into the said tourist courts of said Defendant Rubin Kothmann as aforesaid, Plaintiffs and each of them were strong, able-bodies, healthy, normal persons; that by reason of and on account of said injuries and illnesses after being released from said hospital Plaintiff's wife and daughter have been necessarily confined to their bed and house for several days and that they are wholly unable physically during said time to do any kind of work or enjoy good health.

"V.

"As a result of all the aforesaid conditions and negligence of each of the Defendants mentioned above Plaintiff's partners in business William Leon Lynch and his wife Sylvia Lynch, partners and business associates in the cafe and restaurant business in Marble Falls, Texas, were killed or died as a result of carbon monoxide gas in said courts on or about February 2, 1951."

Nine separate acts of negligence were alleged.

The following allegations were then made:

"That each of said acts of negligence on the part of said Defendants constitutes the proximate cause of the injuries and damages suffered by the Plaintiff and his wife and their child and their business associates and that said acts concurred and operated together in bringing about the damages and injuries suffered by Plaintiff, his child and his wife.

"VIII.

"That as a direct and proximate result of the negligence of Defendants both the Plaintiff and his wife and child

suffered serious illness and sickness; that the Plaintiff's wife suffered a severe case of pneumonia and their child had pneumonia and other ailments.

## "IX.

"That as a result of said injuries Plaintiff was forced to go out of the restaurant business permanently and to give up his lease and sacrifice his equipment and supplies and suffered the loss of his earnings and income from said restaurant business; that the Plaintiff and his wife, as well as his deceased associates, had built up a good restaurant business and trade and that Plaintiff and his wife's earnings and income from the restaurant business amounted to Two Hundred Dollars ($200.00) per week; that Plaintiff's associates were experienced and skilled in the management and operation of the restaurant business and they had planned to continue said business for several years together and that each of them were young people and had an expectancy of many years in said business and that the earnings and income from said restaurant business was growing and improving and that their untimely death coupled with Plaintiff's wife and family's illness and his own illness forced Plaintiff to go out of business as aforesaid; that the Plaintiff was forced to expend the sum of One Hundred Fifty Dollars ($150.00) for medical aid and medicines and One Hundred Dollars ($100.00) for hospital and nurses' expenses at the Burnet Hospital in Burnet, Texas, and that since leaving said Hospital Plaintiff has expended large sums of money for doctors, nurses and medicines for his wife and child, amounting to approximately One Hundred Fifty Dollars ($150.00) which services were reasonably worth the sum charged by the Plaintiff's physicians, hospital and medicines, total medical expenses to date are Four Hundred Dollars ($400.-00), and that as a result of the injuries sustained by the Plaintiff he has been damaged in the sum of Ten Thousand Dollars ($10,000.00).

## "X.

"That as a result of the said injuries to Plaintiff's wife, Plaintiff and his wife lost the benefit of her earnings up to the present time and her assistance in the restaurant business that Plaintiff was engaged in and that her services were reasonably worth One Thousand Five Hundred Dollars ($1500.00) in said business, that she has been damaged in the sum of One Thousand Dollars ($1000.00) because of her injuries and her physical and mental pain and suffering. That as a result of the death of Plaintiff's associates he has lost the benefit of their knowing how to operate the business and their assistance in managing and operating said business and without their skill, knowledge and assistance in running the restaurant business Plaintiff suffered great financial loss in being forced to go out of business and that said loss amounted to at least Five Thousand Dollars ($5000.00) in profits during the next two years.

"Wherefore, premises considered, Plaintiff prays that the Defendants be cited to appear and answer herein, and that upon a trial he have judgment for his damages in the sum of Seventeen Thousand Nine Hundred Dollars ($17,900.00) and for all costs of suit and such other and further relief, general and special, in law and in equity, to which he may be justly entitled."

Mr. and Mrs. Lynch were not identified in the petition other than as "partners and business associates" of appellee H. J. Lett.

It is to be noted that the judgment was for the full amount claimed in the petition.

It is perfectly obvious from appellees' petition that they were either seeking damages for the alleged wrongful deaths of their business associates, Mr. and Mrs. Lynch, or that they were measuring their own damages by evaluating the loss of the services of Mr. and Mrs. Lynch accord-

ing to their skill, experience and life expectancies.

In either event the result is the same, both to appellant and appellees.

Appellees cannot recover for the wrongful deaths of Mr. and Mrs. Lynch because the relationship required by our statutes in order to maintain such suit is not alleged. 33 Tex.Jur. pp. 11–12.

Nor can appellees measure their own damages by the damages occasioned by the wrongful deaths of Mr. and Mrs. Lynch. To permit this would permit appellees to recover, indirectly, damages for the wrongful death of persons not bearing the relationship to them required by our statutes when they could not do so directly.

We are also of the opinion that lost business profits are not recoverable under the allegations of this petition.

Loss of profits, as such, are not recoverable in an action for damages for personal injuries although evidence of loss of profits from a business personally operated may be considered by the jury for the purpose of determining the extent of an injured party's diminished earning capacity. Dallas Ry. & Terminal Co. v. Guthrie, 146 Tex. 585, 210 S.W.2d 550.

There are no allegations in this petition that any of appellees has been permanently injured or that either of them has sustained or will sustain any future diminished earning capacity.

We conclude that the judgment in this case is excessive. Since the trial court did not separately find the amounts of damages recoverable under the pleadings from those which we have found not to be recoverable, we are unable to do so. The entire judgment must, therefore, be reversed and the cause remanded.

The remand, however, is not general. We have no authority on this appeal to set aside the interlocutory default judgment rendered against appellant. No grounds for such action, equitable or otherwise, are before us.

We therefore remand this cause with instructions to try only the issue of damages, if any, which appellees have suffered by reason of appellant's negligence. San Antonio Paper Co. v. Morgan, Tex. Civ.App., Austin, 53 S.W.2d 651, writ dism.

Reversed and remanded with instructions.