AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Plaintiff in Error,

v.

P. C. CORBELL, Defendant in Error.

No. 6019.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 30, 1955.

Rehearing Denied Jan. 30, 1956.

Leachman, Gardere, Akin & Porter, Dallas, for plaintiff.

McDaniel & Hunt, Center, for defendant.

WALKER, Justice.

This is a Workmen's Compensation case, filed by the workman, Corbell, as an appeal from the Industrial Accident Board. He alleged, in substance, that on September 8, 1954, he was an employee of one Glaze and that a tree which he was cutting down for said employer fell upon his right leg, and that this injury had resulted in his loss of the use of his right leg below the knee, totally and permanently. He alleged further that the plaintiff in error, sued as defendant, was Glaze's insurer under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq.; that he, Corbell, was entitled to workmen's compensation payments of $25 a week for 120 weeks; and that because of certain facts "the amount of compensation due and owing should be paid in a lump sum, as provided by law, allowing defendant discount for present payment at the rate of 4% compounded annually as provided by law". He prayed that he "have judgment against defendant for 120 weeks of workmen's compensation insurance at the rate of $25 per week, but in no event to exceed $3,000, that such compensation be reduced and paid to plaintiff in a lump sum as required by law," and for general relief.

Citation issued to plaintiff in error and was served on the Chairman of the Board of Insurance Commissioners, as agent for service upon plaintiff in error, but no answer was filed and on April 4, 1955, pursuant to a trial to the court without a jury, judgment was rendered against the plaintiff in error in behalf of the defendant in error for $2,867.16. At this proceeding defendant in error Corbell adduced evidence concerning the nature and extent of his injuries and his wage rate, and concerning matters bearing on his prayer for a lump sum payment. He also adduced evidence concerning the merits of his claim for workmen's compensation. However, the plaintiff in error did not appear at this proceeding and the judgment is one by default.

From this judgment the plaintiff in error took this appeal by writ of error. A statement of facts, prepared by the trial judge, has been filed.

## Opinion.

■ 1. It is assigned as error under Point One that the judgment was for a lump sum and was, therefore, erroneous because the injury in suit was only a specific injury. We think it apparent from the petition, the testimony of the defendant in error, and the sum of money adjudged to the defendant in error that the trial court intended to and did render judgment for a lump sum payment for a specific injury, in violation of art. 8306, Sec. 15, and as the matter concerns what may be described as the issue of damages, Point One is sustained. The defendant in error cites certain provisions of the Workmen's Compensation Law in rebuttal, but his petition asserts no rights under these statutes and since the judgment is by default his petition must support his judgment. Texas Rules of Civil Procedure, rule 90; Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58; McDonald's Texas Civil Practice, Sec. 17.27. His argument that application of Sec. 17 of art. 8306, pertaining to alien beneficiaries has not been excluded, is inconsistent with his allegations that he was a resident of the county of suit and his testimony that "I am a resident of Shelby County, Texas, and have been for many years." There is nothing in judgment or record which indicates any intention by the trial court to base the judgment on any of the matters argued by defendant in error.

■ However, Point One concerns only the issue of damages and requires remand of that issue only. See Southwestern Surety Insurance Company v. Gulf, T. & W. Ry. Co., Tex.Civ.App., 196 S.W. 276, at page 279; San Antonio Paper Company v. Morgan, Tex.Civ.App., 53 S.W.2d 651, at pages 655, 656; Kothmann v. Lett, Tex.Civ.App., 248 S.W.2d 302, at page 306.

2. Point Two assigns as error that the judgment was premature because it was rendered before the expiration of the ten day period of notice prescribed by art. 3.66 of the Insurance Code, V.A.T.S. Under this Point the plaintiff in error argues that it is a "foreign company" as defined in art. 3.01 of the Insurance Code and that, in consequence, art. 3.66 of the Insurance Code applies to it and to this suit. Art. 3.66 prescribes and regulates certain duties of the Chairman of the Board of Insurance Commissioners. In substance, it provides that after citation to a "foreign company" has been made upon the Chairman (and art. 3.65 provides for and regulates such service), he shall immediately send the citation, or a copy, to the company by registered mail. It then provides that "No judgment by default shall be taken in any such cause until after the expiration of at least ten (10) days after" the addressee prescribed had received "such copy of such citation; and the presumption shall obtain, until rebutted, that such notice was received by such [addressee] in due course of mail after being deposited in the mail at Austin, Texas." Plaintiff in error argues further that this ten day period of notice had not, in fact, even begun to run when the judgment was rendered because the Chairman had not sent the citation or other notice of the suit to it before rendition of the judgment.

These contentions involve and depend on matters of fact, and to prove that the contentions are true the plaintiff in error must make use of the affidavit attached to its answer, and this the plaintiff in error does. The allegations of the petition descriptive of the plaintiff in error are not sufficient to identify the plaintiff in error as a "foreign company" within the meaning of art. 3.01, subject to the operation of Chapter 3 of the Insurance Code.

■ However, we have found no authority which would authorize us to consider the Chairman's affidavit in connection with Point Two. It and the answer to which it is attached were filed after the judgment became final and the term ended and are mere ex parte statements, as regards Point Two. See 3–A Tex.Jur. 489, Sec. 393; p. 481, Secs. 388, 389; T.R. 376. In this case, it does not appear that any proceedings occurred between the rendition of the judgment and the date it became final; and whether Point Two and the arguments made thereunder are correct must be determined by the record made in the trial court which ends with the judgment; and this record does not demonstrate that said Point and arguments are valid. Accordingly Point Two is overruled.

3. Point Three assigns as error a matter which would affect only the issue of damages and need not be determined. However, counsel's attention is directed to McDonald's Texas Civil Practice, p. 950, Sec. 11.03.

■ The judgment is reversed. Defendant in error argues that the default confessed the allegations of his petition from which the amount of Workmen's Compensation to which he was entitled could be calculated and that we should render a judgment based on these allegations, but the amount of compensation to which defendant in error may be. entitled was not proved by any instrument in writing and had to be determined under T.R. 243. No findings of fact were filed and the state of the evidence precludes determination of the correct amount of compensation by this court. The cause is therefore remanded to the trial court with instructions to determine only what compensation the defendant in error is entitled to under the Workmen's Compensation Law, and then to render judgment therefor in favor of defendant in error as said law provides. This will require determination of the nature and extent of the defendant in error's injury and the disability caused thereby, together with the wage rate of defendant in error. The trial will be governed by T.R. 243.