**E. H. RANKIN, d/b/a Rankin Automotive Transmissions, Appellant,**

v.

**James CLEMONS, Appellee.**

No. 10979.

Court of Civil Appeals of Texas.

Austin.

June 6, 1962.

Supplemental Opinion June 20, 1962.

Rehearing Denied June 27, 1962.

See also 358 S.W.2d 701.

Bruce Waitz and Leslie J. Bretz, San Antonio, for appellant.

Robert Mueller and E. Richard Criss, Jr., Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal, by Writ of Error, from a default judgment in the amount of $4,445.00, for the conversion of an automobile.

Appellee, as plaintiff, alleged that he was the owner of an automobile on or about February 3, 1960, which was in need of certain repairs and that he contacted Lee Ball, who, he alleged to be a representative of E. H. Rankin conducting business under the name of Rankin Automotive Transmissions, in Bexar County, Texas.

Appellee further alleged that he made an agreement with Mr. Ball to pay between $100.00 and $125.00 as the costs of rebuilding the transmission in the automobile, and to pay such amount in payments of $5.00 per week; that Mr. Ball called appellee and informed him that the automobile was ready and that the final costs were $330.00 cash; further allegations were that the fair market value of the automobile in Austin, Texas was $2,000.00 and that the automobile had been removed from Austin, Texas to a place unknown to plaintiff and the acts of the defendant were done with a wilful and malicious intent to force plaintiff to pay an unreasonable charge for the repairs, and sought damages in the sum of $2,000.00 as the value of the automobile, $1,125.00 as special damages, and a further sum of $3,000.00 as exemplary damages.

Service was had by citation but the defendant did not appear or answer. On June 4, 1961, a judgment by default was rendered for plaintiff against E. H. Rankin, defendant, for the sum of $2,000.00 as actual damages, the sum of $945.00 as special damages, the further sum of $1,500.00 as punitive damages, and for 6% interest and costs. There is no record of the proceedings since the court reporter was not present.

On November 1, 1961, the defendant made request of the Court to file in writing findings of facts, and on the same date filed a petition for writ of error, setting out the default judgment, and stated that there were divers and manifold errors in the proceedings and that the petitioner desired to remove such judgment for revision and correction to the Court of Civil Appeals, and filed his bond.

On December 6, 1961, the Trial Judge filed findings of fact and conclusions of law that the plaintiff was the owner of a Buick automobile and that on February 3, 1960, appellee's general manager agreed to repair the automobile for $60.00 to be paid at the rate of $5.00 weekly; that on the 6th day of February, 1960, defendant's general manager informed plaintiff that the cost of the repairs would be approximately $100.00 and plaintiff accepted the revised cost to be paid $5.00 weekly; that on February 13, 1960, plaintiff called for the car and was told that the costs were $330.00 and had to be paid in cash before the automobile would be released; that the sum of $330.00 was an unreasonable charge; that the fair market value of the automobile was $2,000.00; that plaintiff was required to use other methods of transportation and actually spent the sum of $925.00 for such transportation, which amount was reasonable; that the refusal of defendant to return the automobile was wilful and malicious to coerce plaintiff into paying for the repair service sooner than he had contracted; that the sum of $1,500.00 is a reasonable amount as exemplary damages. The Court concluded as a matter of law that defendant had converted the automobile. We believe that the Trial Court, having heard the testimony, and in the absence of a written record, that the Judge's findings must be taken as correct.

The appeal is founded on seven points of error and are that the Court erred in awarding punitive damages because there was no pleading or proof to support such; that the award of $945.00 as special damages is excessive; that the award of $2,000.00 as actual damages was not established by competent evidence and is exces-

**706**

sive; and that the award of $1,500.00 exemplary damages is not sustained by any proof as to the justness thereof.

This suit was instituted on March 7, 1961 and citation was served on E. H. Rankin on the 9th day of March, 1961, but no answer was made by Rankin and judgment by default was rendered and entered on the 4th day of May, 1961 for the amounts hereinabove set out.

Appellant's petition for writ of error was filed on the 1st day of November, 1961, in which the judgment was incorporated, and alleged that there were manifold errors in the proceedings and sought relief, executed a bond, etc.

■ We believe that the Court was in error in allowing $945.00 as special damages and appellee has filed herein a remittitur of this sum.

■ We believe that plaintiff's petition was sufficient to support a default judgment for the damages and was good as against a general demurrer, as was formerly in use and that the only fact issue before the Court is the amount of damages and that all other issues are determined by the default and matters established by defendant's default are not subject to review on writ of error from a default judgment.

Rule 243, Texas Rules of Civil Procedure.

25 Tex.Jur. Sec. 41; Maywald Trailer Co. v. Perry, Tex.Civ.App., 238 S.W.2d 826, error ref., N.R.E.

In our Cause No. 10,978, between the same parties herein, an appeal from a summary judgment, we have set out other similar facts and we will not further recite the proceedings

■ We believe that the exemplary damages as fixed by the Trial Judge are excessive in the sum of $1250.00, and if the appellee files herein, within 10 days,

a remittitur in such amount, the case will be affirmed; otherwise the case will be reversed and remanded.

Rule 439, T.R.C.P.; Missouri Pacific Railroad Co. v. Kimbrell, Tex.Civ.App., 326 S.W.2d 720, affirmed 160 Tex. 542, 334 S.W.2d 283.

In the event such remittitur is filed, appellate costs will be apportioned equally between the parties.

Affirmed on condition.

### Supplemental Opinion.

The remittitur called for in our original opinion having been filed by appellee, the judgment of the Trial Court is affirmed.

Affirmed.