**Oma FITZ, Executrix of the Estate of Byron Buford Fitz, Jr., Deceased, Appellant,**

v.

**A. F. TOUNGATE et ux., Appellees.**

No. 11533.

Court of Civil Appeals of Texas.

Austin.

Oct. 4, 1967.

Rehearing Denied Oct. 25, 1967.

Evans & Marshall, Louis E. Marshall, San Antonio, for appellant.

William H. Crenshaw, Kingsland, for appellees.

HUGHES, Justice.

This appeal by writ of error is brought by Oma Fitz, executrix of the estate of Byron Buford Fitz, Jr., deceased,[1] from a default judgment rendered on August 2, 1966, wherein A. F. Toungate and wife, appellees, recovered judgment against C. Shimp and wife, Evelyn V. Shimp, B. B. Fitz and Caravan Homes, Inc., defendants, ordering them to deliver to appellees a valid certificate of title of the State of Texas to a Spartan House Trailer, model mobile mansion, serial number 9500320397, purchased by appellees from the parties named, for $200.00 damages and for $1,000.00, attorney's fees.

Since a default judgment admits only facts which are well pleaded, we will analyze the pleadings of appellee to determine whether they will sustain the judgment rendered. Kothmann v. Lett, 248 S.W.2d 302, Tex.Civ.App., Austin, writ ref. n. r. e.

Appellees alleged that they purchased and fully paid for a trailer house, above described from the defendants, above named; that just prior to the consummation of such sale, appellees were told by Mr. and Mrs. Shimp that they had bought the trailer from Mrs.

1. Mr. Fitz died during pendency of this suit in the trial court and Oma Fitz was substituted as a party defendant in his stead.

Shimp's mother and father; that the trailer was delivered to appellees by Mr. Shimp's father and another man; that appellees asked for the title papers to the trailer and were informed by Mr. Shimp's father that Mr. C. Shimp would mail or deliver them in a few days; that such title papers were never delivered to them, although such delivery was often requested. Appellees also alleged that they employed "an attorney to contact the defendants, C. Shimp and Evelyn V. Shimp, in an effort to obtain the title papers to said trailer; that upon doing so, defendant Evelyn V. Shimp advised said attorney that the trailer in question was not owned by them or by the corporation but was owned by defendant B. B. Fitz; that he had been paid by them the proceeds of the sale from plaintiffs and that he had paid the trailer off with a financing company located in Dallas, Texas, and that the title papers would have to be obtained from him; defendant Evelyn V. Shimp further advised said attorney that the business was a partnership at the time of the sale to said plaintiffs and that the partnership had since been dissolved between defendants C. Shimp and Evelyn V. Shimp and defendant B. B. Fitz; that said trailer was never a part of said partnership; that they, C. Shimp and Evelyn V. Shimp, had endeavored to get said B. B. Fitz to deliver the title papers to said trailer to them but that he had failed and refused to do so; that they and defendant B. B. Fitz were no longer in any way associated in business."

Appellees pleaded that the checks given in payment of the trailer were payable to and endorsed by Caravan Homes, Inc., that the incorporators of Caravan Homes, Inc. were C. Shimp, Evelyn Shimp and B. B. Fitz, and that corporation was extant. Appellees also pleaded that the failure of defendants to deliver such title papers was willful, malicious, wanton and intentional and that they were entitled to recover $10,000.00 in punitive damages, attorney's fees and costs.

In addition, appellees pleaded that they "have had to expend both time and money in their efforts to obtain such title papers, to their actual damages in the amount of $100.00." Their prayer was in keeping with their allegations.

In appraising the sufficiency of these allegations to state a cause of action we apply the rule that in order to support a default judgment the petition of plaintiff need not be technically sufficient to state a cause of action and that it is sufficient if its allegations give fair notice to defendant of the claim asserted and does not affirmatively disclose the invalidity of such claim. Edwards Feed Mill, Inc. v. Johnson, 158 Tex. 313, 311 S.W.2d 232.

It is our opinion that the allegations of appellee's petition were sufficient to state a cause of action for and to give fair notice to defendants of the nature of their claim for actual and punitive damages and for the other relief granted, except as to attorney's fees.

It has been held that fees paid attorneys may be considered in fixing the amount of punitive damages in cases involving fraud and malicious conduct. Houston Production Co. v. Taylor, 33 S.W. 2d 202, Tex.Civ.App., Beaumont, writ ref.

Here, attorney's fees were sought in addition to and not as a part of punitive damages. No recovery of punitive damages was allowed. No recovery of attorney's fees should have been allowed, as no legal basis for their recovery, as such, is shown.

The trial court rendered judgment for $200.00, actual damages, whereas the petition sought recovery of $100.00 actual damages. This was error. Kleiner v. Eubank, 358 S.W.2d 902, Tex.Civ.App., Austin, writ ref. n. r. e.

Since this is a direct appeal by writ of error appellant, who did not actually participate in the trial, is entitled to a full review of the whole case as in cases appealed by parties participating in a trial. It was

not necessary that appellant excuse his failure to defend this case in the trial court or to show that he has a meritorious defense. Roberts v. Mullen, 417 S.W.2d 74, Tex.Civ. App., Dallas, and writ granted.

Since, in our opinion, this cause must be reversed and remanded for the indicated errors in the judgment, it is unnecessary for us to determine whether appellant received legal or sufficient notice of the setting of this case for trial.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.