MO–VAC SERVICE, INC., Appellant,

v.

MARINE CONTRACTORS & SUPPLY, INC., Appellee.

No. 1373.

Court of Civil Appeals of Texas, Corpus Christi.

May 31, 1979.

Rehearing Denied June 14, 1979.

H. H. Rankin, Jr., Rankin & Kern, Inc., McAllen, for appellant.

W. Robert Anderson, III, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellee.

OPINION

YOUNG, Justice.

This is an appeal from a default judgment awarding damages for conversion of oil. The primary issues are whether the pleadings are sufficient to support the de-

fault judgment and whether the issue of damages may be severed from the liability issue and remanded for trial.

Appellee Marine Contractors & Supply, Inc. brought a cause of action for conversion against the appellant, Mo-Vac Service Company, in the 61st District Court of Harris County, Texas, on May 13, 1977. Generally, the petition alleged that on or about March 22, 1977, Mo-Vac, without permission or consent of Marine Contractors, removed 453.09 barrels of crude oil from a lease operated by Marine Contractors known as the L.S. Rivers Lease in Nueces County, Texas; that Mo-Vac became thereby bound to pay to Marine Contractors the reasonable value of such oil; and that the market price at the time of such removal and taking was $10.25 per barrel. The plaintiff further alleged that a claim was made for the value of the oil which claim was refused and that because of this the plaintiff was damaged in the amount of $4,644.07. In addition to these allegations, the plaintiff appended to the petition the invoice it sent to Mo-Vac Service Company, much in the form that one would append to a petition on a sworn account.

Appellant filed a plea of privilege which was sustained on July 6, 1977, and the case was transferred to Hidalgo County, Texas. Thereafter, the appellant failed to file an answer and a default judgment for the amount requested plus attorney's fees was rendered against the appellant on March 7, 1978. During the brief hearing on the default judgment, the appellee's McAllen attorney who had been substituted for the Houston attorney who filed the suit, characterized the suit as one on a sworn account. No mention was made in the judgment, however, of how the trial court characterized the suit, except that the court awarded attorney's fees to the appellee. See Tex. Rev.Civ.Stat.Ann. art. 2226 (Supp.1978).

Appellant filed a motion for new trial on March 29, 1978. The motion for new trial and its appended affidavits alleged an excuse for failure to file an answer, alleged a meritorious defense, and asserted that the granting of a new trial would not cause an unnecessary delay in the case. Compare *Ivy v. Carroll,* 407 S.W.2d 212 (Tex.Sup. 1966). In addition, the motion for new trial alleged that the petition and the evidence at the default judgment hearing were insufficient to support the default judgment. The motion was heard on March 30, 1978, and was denied April 3, 1978. Defendant Mo-Vac appeals.

Appellant brings five points of error. Point 1 contends that this was not a suit on a sworn account but rather one for conversion; point 2 contends that the pleadings are insufficient to support a suit on a sworn account; point 4 contends that the suit was one for an unliquidated claim requiring a hearing on damages; and point 5 contends that the judgment for attorney's fees was unjustified. Appellee agrees with appellant's points 1, 2, 4 and 5. That is, it agrees that the pleadings present a case for conversion, that the claim was unliquidated and requires a hearing on damages and that no attorney's fees are justified in this case. In sum, it submits that the case be reversed in part and rendered as to attorney's fees and reversed and remanded for a hearing on damages. But appellee contends that the decision as to liability should stand. Appellant's point 3 speaks to this contention; i. e., it alleges that the pleadings and evidence were insufficient to support the default judgment. We sustain appellant's points 1, 2, 4 and 5. Our discussion and disposition of appellant's point 3 follows.

■ No findings of fact or conclusions of law were requested or filed and consequently the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex. Sup.1977). Accordingly, if the pleadings and evidence support a judgment for conversion, the liability portion of the default judgment must be affirmed.

■ The test for determining the sufficiency of a pleading to support a default judgment provides that the averments of the pleadings are to be taken as proven or confessed. And, if the pleadings do not inform the court what judgment to render,

that is, if they do not, with sufficient certainty, set forth the cause of action as to the name of the parties, dates and amounts to enable the court to render judgment without information aliunde, they are not sufficient, and the judgment cannot be sustained. *C & H Transportation Company v. Wright,* 396 S.W.2d 443, 446 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.). In other words, in order to be sufficient to support a default judgment, a plaintiff's petition must at least set forth sufficient facts and circumstances which constitute the cause of action as to fairly notify the adversary of the basis of the claim and of the relief being sought. *C & H Transportation Company v. Wright,* supra. See also *Edwards Feed Mill v. Johnson,* 158 Tex. 313, 311 S.W.2d 232 (1958); *Griswold v. Carlson,* 151 Tex. 246, 249 S.W.2d 58 (1952); *Fitz v. Toungate,* 419 S.W.2d 708, 710 (Tex.Civ. App.—Austin 1967, writ ref'd n. r. e.); *Kothmann v. Lett,* 248 S.W.2d 302 (Tex.Civ. App.—Austin 1952, writ ref'd n. r. e.). McDonald, Texas Civil Practice § 17.23.3 (1971).

■ In looking to the petition herein to determine if it clearly notifies the adversary of the basis of the plaintiff's claim, we find that all of the elements of a cause for conversion are adequately pled. See 14 Tex.Jur.2d, Conversion §§ 62–70 (1960). Compare *Borrego v. Palacio,* 445 S.W.2d 620 (Tex.Civ.App.—El Paso 1969, no writ); *Rankin v. Clemons,* 358 S.W.2d 704 (Tex. Civ.App.—Austin 1962, writ ref'd n. r. e.). Appellant complains, however, that the allegations of ownership and/or possession are inadequate. As to the allegation of ownership and/or possession, we note that bare possession is sufficient title on which to recover for conversion as against a naked trespasser. *Southwestern Bell Tel. Co. v. Commercial Metals Co.,* 389 S.W.2d 116, 120 (Tex.Civ.App.—Houston 1965, no writ); *Lee C. Moore & Co. v. Jarecki Mfg. Co.,* 82 S.W.2d 1002 (Tex.Civ.App.—Eastland 1935, writ ref'd). In this regard, appellee alleged in its petition that the crude oil was removed without its permission or consent from a *lease* that it *operated* and that the defendant was thereby bound to pay the appellant the reasonable value of such oil. Moreover, the appellee appended to the petition an invoice charging the appellant for the value of the oil. In Williams & Meyers, Oil & Gas Law, Manual of Terms 401, 655 (1976), an operating interest is defined as an interest in oil and gas that is burdened with the cost of development and operation of the property. It is normally created by an oil and gas lease. Consequently, the allegation in the petition herein alleges some ownership interest in the oil in question and since the lease was operated by the appellee and the oil was located on said lease the property was in appellee's possession. We think the appellee's allegations were sufficient to fairly notify the appellant regarding ownership or possession.

■ About appellant's argument that the evidence is insufficient to justify the default judgment, the law is clear that a default judgment operates as an admission of the material facts alleged in plaintiff's petition except as to unliquidated damages. *Nipper v. U–Haul,* 516 S.W.2d 467 (Tex.Civ. App.—Beaumont 1974, no writ); *Southern S.S. Co. v. Schumacher,* 154 S.W.2d 283, 284 (Tex.Civ.App.—Galveston 1941, writ ref'd w. o. m.). Having found the petition sufficient to allege a cause of action we therefore find that it constitutes sufficient evidence of the cause of action here on appeal. Appellant's point 3 is overruled.

■ The next issue is whether the issues of liability and damages may be severed and the damage issue reversed and remanded for a hearing.

Rule 434, T.R.C.P., states concerning the severing of causes to-wit:

". . . and if it appear to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested."

**576**

As stated earlier, the liability issues were uncontested at the time of trial when the default judgment was entered. *Nipper v. U–Haul,* supra. Thus we hold that the provision of Rule 434 concerning a separate trial on unliquidated damages to be inapplicable to this case and that this cause shall be remanded for a hearing on damages only. In *Justice Life Insurance Company v. Walker,* 508 S.W.2d 434, 439 (Tex.Civ.App. —Fort Worth 1974, writ ref'd n. r. e.), the court there addressed this same issue of separate trial within a procedural context similar to the case before us. The court there, though not working within the confines of Rule 434, held that the issues of liability and damages could be severed in spite of the language of *Illey v. Hughes,* 158 Tex. 362, 311 S.W.2d 648 (1958), mandating that courts refrain from trying cases piecemeal. There is no particular novelty in our severing on appeal the issue of damages from that of liability following a trial court judgment by default. See, e. g., *Freeman v. Leasing Associates, Inc.,* 503 S.W.2d 406 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ); *Kothman v. Lett,* supra; *San Antonio Paper Co. v. Morgan,* 53 S.W.2d 651, 655–56 (Tex.Civ.App.—Austin 1932, writ dism'd).

The judgment of the trial court is affirmed on the issue of liability; the judgment is reversed and remanded for a trial on the issue of damages; and further, the judgment is reversed and judgment is here rendered that the appellee take nothing as to attorney's fees.

Affirmed in part, reversed and remanded in part, and reversed and rendered in part.