**BANK OF AUSTIN, Appellant,**

v.

**Gladys FINLAY et al., Appellees.**

**No. 16152.**

Court of Civil Appeals of Texas, San Antonio.

July 27, 1979.

Rehearing Denied Sept. 25, 1979.

Benjamin H. Hathaway, Prud'Homme & Schulze, Austin, for appellant.

John V. Elick, Bellville, for appellees.

## OPINION

CADENA, Chief Justice.

In this suit for wrongful sequestration filed by plaintiffs, Gladys Finlay and Jerry Bond, the defendant, Bank of Austin, appeals from a judgment, based partially on jury findings, awarding plaintiffs $150.00 actual damages, $2,500.00 punitive damages, and $5,725.00 as attorney's fees. Plaintiffs also sought recovery for usury, but the issues relating to that portion of plaintiffs' claim were answered unfavorably to plaintiffs.

On August 30, 1976, Bond borrowed money from Bank and, with Royce Baker as co-maker, executed a note in the amount of $4,115.00, including prepaid interest and other charges, payable to Bank on demand or, in the absence of a prior demand, on October 29, 1976. The Bank received, as collateral, a security interest in a racing mare named Dolly Jester, which was owned by Finlay. Although the note and security agreement were signed only by Bond and Baker, the pledging of the mare as security was done with the consent of Finlay, and, at the time of execution of the note and security agreement, Bond delivered to Bank Dolly Jester's certificate of registration.

The note was not paid when due, and on November 9, 1976, Bank filed suit in Travis County to enforce the note and security agreement. As incident to such suit, Bank obtained, without notice to Bond, Baker, or Finlay, issuance of a writ of sequestration directing the sheriff of Guadalupe County to the location of Finlay's ranch where the horse was kept, to take possession of Dolly Jester. When a deputy sheriff went to the ranch he found no one there and, since Dolly Jester was "running" with a colt which the officer considered to be unweaned, he refused to take possession of the mare. On November 12, 1976, again without notice or hearing, Bank's second application for a writ of sequestration was granted. This second writ authorized seizure of both the mare and the colt and both horses were seized by a Guadalupe County deputy sheriff on November 15, 1976. On that same day, the promissory note was paid in full. On November 17, 1976, Bank filed a motion for dismissal of its suit on the note and for dissolution of the writ of sequestration, and this motion was granted on November 19, 1976. The horses were returned to the Finlay Ranch at night on November 20 or 21, 1976. Neither Bond nor Finlay were at the ranch when the horses were returned.

We will not refer to testimony relevant to the question of wrongful sequestration and will, for the purposes of this opinion, assume that the sequestration was wrongful.

In plaintiffs' trial pleadings, Finlay alleged that she had suffered the following damages as a result of the wrongful seizure of the two animals: (2) $20,000.00, representing the loss in value of Dolly Jester between the date of the seizure and the date she was returned to the Finlay Ranch; (b) $7,500.00, representing the loss in value of the colt during such period; and (c) $20,000.00 for the loss of the use of both animals during that period.

The jury found that neither horse had decreased in value, and no issue concerning loss of use was submitted. No point is presented urging that the jury findings of no loss in value are against the weight and preponderance of the evidence. We are, therefore, bound by such findings. Assuming a wrongful sequestration, the verdict furnishes no basis for an award of actual damages to plaintiff Finlay.

Insofar as Bond's damages are concerned, the pleadings allege that he incurred expenses in the sum of $100.00 in attempting to find and recover the horses; that as a result of the time spent in such search he experienced a loss of earnings in the amount of $250.00; and that he had incurred liability for attorney's fees in connection with the claim for wrongful sequestration. The jury found that Bond had suffered no loss of earnings; that in his unsuccessful attempt to locate the animals he had incurred reasonable expenses in the amount of $150.00. In addition, the jury found that Bank had acted with malice and set $2,500.00 as punitive damages. Finally, the jury found that a reasonable attorney's fee was $5,725.00.

■ The undisputed evidence establishes that the two animals seized under the writ of sequestration were owned solely by Finlay. Our attention has been called to no case, and we know of none, holding that a suit for wrongful sequestration can be maintained by a person who has no interest in the property wrongfully seized. There is no evidence that Finlay incurred any liability to Bond or to anyone else, or that she spent any money in attempting to locate and recover the horses.

It is clear that the sequestration, if wrongful, was wrongful only as to Finlay and cannot form the basis for any claim by Bond. Since the unchallenged jury findings establish that Finlay suffered no actual damages, the judgment awarding her and Bond $8,375.00 is clearly erroneous.

■ The reasons which preclude recovery for wrongful sequestration prevent recovery on plaintiff's "alternate" theory of conversion.

■ In a case of this nature, failure to establish a claim for actual damages defeats the claim for punitive damages. See Hicks v. Wright, 564 S.W.2d 785, 795 (Tex.Civ. App.—Tyler 1978, writ ref'd n. r. e.).

Since plaintiffs were not entitled to recover, there is no basis for the award of attorney's fees. Fitz v. Toungate, 419 S.W.2d 708 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.).

■ The trial court correctly denied recovery for usury. There is more than sufficient evidence to establish that the amount of the loan was $4,000.00 and that Bond actually received that amount when the note was executed. If the amount advanced was in fact $4,000.00, the claim for usury lacks foundation.

That portion of the judgment denying plaintiffs recovery for usury is affirmed. The portion of the judgment awarding plaintiffs recovery for wrongful sequestration or conversion is reversed and judgment is here rendered that plaintiffs take nothing.