W. J. SEDBERRY v. LUCINDA JONES

PRACTICE—OPENING DEFAULT.—It was error to overrule a motion to set aside a judgment by default supported by affidavit of a meritorious defence, and of an agreement to compromise the suit, opposed by affidavit denying the agreement to compromise, but not negativing the belief of such agreement by the defendant.

APPEAL from Morrison. Tried below before the Hon. J. D. McAdoo.

*E. W. Burt* and *H. McKay*, for appellant.

*D. B. Culberson*, for appellee.

GOULD, ASSOCIATE JUSTICE.—On the 18th day of January, 1872, appellant filed, under oath, an application to set aside a judgment by default rendered on the 17th, setting up a meritorious defense, as well as the defense of limitation against part of the claim established by the judgment against his intestate's estate, and alleging as excuse for failing to defend that there had been negotiations for compromise between plaintiff's attorney and defendant, and that he referred the plaintiff's attorney to his (defendant's) attorney, and is advised that they agreed to a compromise. The sworn statement of the defendant's attorney is to the effect that he understood from plaintiff's attorney that the compromise was accepted.

On the other hand, plaintiff's attorney, under oath, denies that there ever was any agreement, direct or indirect, between him and defendant's attorney to compromise, pass, or otherwise dispose of the case, but states that on one occasion defendant's attorney offered $425 as a compromise, which was rejected. His affidavit further shows that defendant's attorney was in the court room when the writ of inquiry was executed, and that the default was taken long after default day had passed, simply in accordance with affiant's custom in cases where he supposed counsel would appear.

The application to set aside the default was refused, and the defendant appealed.

The affidavits of appellant and his attorney show that they supposed that a compromise had been substantially agreed on. The counter affidavit negatives any such agreement, but fails to show that defendant and his attorney did not believe such agreement to have been made. The fair conclusion is that the defense was not plead because of this belief. Whether the facts as they occurred

justified them in their conclusion or not, it would seem that the excuse, being made on the next day after the default, and being accompanied with an affidavit of a meritorious defense, should have been held sufficient. The case of Dowel *v.* Winters, 20 Tex., 797, sustained the sufficiency of a mistake of law as an excuse; and the rules there laid down are decisive of the present case : " It does not appear that the trial would have been delayed. The plaintiff would not have been injured or hindered by reason of the default." " What appears a strong case of merits is presented, and there is reason to apprehend that, if not allowed to make defense, irreparable injury may be the consequence."

We remark that the presence of appellant's counsel in the court room whilst the writ of inquiry was being prosecuted is not inconsistent with his failure to actually notice what was being done.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.