**Warren HOWARD, Appellant,**

v.

**James PHILLIPS and Marion Fagan, Appellees.**

**No. 2–86–141–CV.**

Court of Appeals of Texas, Fort Worth.

April 9, 1987.

**449**

Jerry D. Brownlow, Grand Prairie, for appellant.

John L. McLain, Frank D. McCown, Fort Worth, for appellees.

Before FENDER, C.J., and BURDOCK and LATTIMORE, JJ.

OPINION

BURDOCK, Justice.

This appeal arises from the sale of a small business. Appellees, Marion Fagan and James Stanley Phillips, sued appellant, Warren Howard, three other individuals, and two corporations to recover sums owed them for the sale of their stock in a boat manufacturing company. The court below found appellant and the five other defendants jointly and severally liable to appellees.

We affirm the judgment of the trial court.

█ Before addressing the substantive points of this appeal, we must first briefly mention a procedural matter. We note appellant timely perfected his appeal to this court by filing a cost bond. *See* TEX.R. APP.P. 46(a). The record also indicates Agio Industries, Inc. filed a cash deposit in lieu of a cost bond. *See* TEX.R.APP.P. 48. However, the record before us does not show that Agio ever took any further steps to pursue its appeal. Nor does the record reflect Agio was a defendant in the proceedings below. Therefore, Warren Howard is the only defendant subject to our disposition of this appeal.

We now turn to the facts of the case. In 1973, appellees incorporated Magtex, Inc. The company manufactured fiberglass boats. Appellees and a third man, Dr. McKee, now deceased, owned all the Magtex stock. On November 7, 1978, Datacon, Inc. purchased all the Magtex stock.

In conjunction with the stock purchase, both appellees entered into employment agreements which listed Datacon and Magtex as their employers. Each man's contract provided he would receive $20,000 a year for his services. Additionally, the contracts stated both men would be paid a bonus of $500 per month. These bonus payments were to begin on December 1, 1978, and continue until each of the appellees had been paid $30,000. Basically, the $30,000 bonus figure reflected the amount of money each appellee was owed for the sale of his stock shares.

At trial, the appellees testified they each only received in total about $10,000 in monthly bonus money. In August of 1980, the payments ceased. Appellees subsequently sued appellant, Magtex, Datacon, and three of Datacon's principals, Darrell Brake, James Bolton, and Gene Dorcas, for the $20,000 in bonus they were each owed. Appellee Fagan also sought to recover on an outstanding note Magtex had executed in his favor.

After a jury trial, the court below entered judgment for appellees. The judgment awarded each man $24,150, the balance due them from the stock sale and interest thereon. The trial court further awarded appellee Fagan $3,923.38, which represented the amount of the Magtex note and the interest on it.

Appellant now advances four points of error in his appeal from this judgment. Before addressing those points, we observe appellant did not appear at the trial below. However, his attorney represented him during the proceedings. Another attorney appeared on behalf of the three other individual and two corporate defendants.

The record does not reveal appellant's exact connection with Datacon, Inc. The most we have been able to discern is that he might have been a member of Datacon's Board of Directors. We note a portion of the statement of facts has not been brought forward on appeal. This missing volume apparently contains part of defendant Brake's testimony, all of defendant Bolton's testimony, and further testimony by appellee Fagan. Regardless, appellant's involvement in this action for our purposes stems from the fact that his signature appears on the employment contracts executed between Magtex, Datacon, and the two appellees. He is listed as a guarantor on both contracts, along with defendants Brake, Bolton, and Dorcas.

Appellant's first point of error contends the trial court erred by allowing appellees to file special exceptions to appellant's pleadings after the close of testimony. His second point of error asserts the trial court's decision to sustain these special exceptions also constituted error.

The record before us indicates the "special exceptions" appellant complains of were actually trial amendments requested by the appellees. Apparently, appellees argued the statute of limitations barred various claims advanced by appellant in his answer. The trial court responded to appellees' contentions by stating he would allow all but one of the amendments to be filed.

Rule 66, which concerns trial amendments, provides:

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to enable the objecting party to meet such evidence.

TEX.R.CIV.P. 66.

The decision to permit the filing of a trial amendment rests with the discretion of the trial court. *Schrader v. Artco Bell Corp.,* 579 S.W.2d 534, 540 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Patino v. Texas Employers Insurance Association,* 491 S.W.2d 754, 756 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.). A court's order permitting or refusing a trial amendment will not be disturbed on appeal unless it clearly appears an abuse of discretion has occurred. *Schrader,* 579 S.W.2d at 540.

■■■ Our ability to determine if the trial court abused its discretion by allowing the amendments is impeded by appellant's failure to include in the record the pleading to which the amendments referred. The appellant bears the burden on appeal of bringing forward a record that reveals error entitling him to a reversal. *See Englander Co. v. Kennedy,* 428 S.W.2d 806, 807 (Tex.1968). Since this pleading has

been omitted from the record, we must presume the trial court properly exercised its discretion by approving the trial amendments.

■ Furthermore, a trial amendment will not result in a reversal on appeal if the party opposing the amendment does not claim surprise or request a postponement or continuance. *Fenwal, Inc. v. Mencio Sec., Inc.,* 686 S.W.2d 660, 662 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *H.O. Dyer, Inc. v. Steele,* 489 S.W.2d 686, 688 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). The record shows appellant's counsel objected to the trial amendments at the time they were presented. However, he neither pled surprise nor made a motion for a continuance or postponement. Therefore, he has waived his right to now complain of the filing of the trial amendments. *See Fenwal,* 686 S.W.2d at 662–63. Accordingly, we overrule appellant's first two points of error.

In his third point of error, appellant argues the court below erred by refusing to admit evidence that appellees had conspired with others to compete with Magtex by transferring boat molds to competitors. Appellant points out that the appellees signed a stock purchase agreement in which they agreed to "utilize their best efforts to keep [the] Company's business organizations intact, keep available services of [the] Company's present employees, and to preserve the good will of suppliers, customers and others with whom [the] Company has business relations." According to appellant, additional testimony by two of the witnesses should have been presented to the jury to enable appellant to prove a breach of this portion of the agreement.

■ Specifically, appellant complains of the exclusion of a part of the testimony of appellee Phillips and witness Robert Crain. The record before us includes this testimony, as two informal bills of exceptions were made at the trial. *See* TEX.R.APP.P. 52(b). However, counsel for defendants Magtex, Datacon, Brake, Bolton, and Dorcas perfected both bills. At no time before, during, or after the presentation of this proof did appellant's counsel indicate he joined in the bills.

It has been held that in trials where multiple defendants participate, "a party must make his own objection to the evidence, or an exception to the ruling of the court regarding the objection, if he wishes to preserve any error for appeal." *Wolfe v. East Texas Seed Co.,* 583 S.W.2d 481, 482 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ dism'd). We maintain this same principle should extend to offers of proof. Otherwise, we have nothing before us in the record which demonstrates that the trial judge realized the excluded evidence was of concern to the non-offering defendant and considered whether the proof was admissible as to that defendant.

■ We also reiterate that we do not have appellant's answer before us. This prevents us from being able to determine if it supported the admission of the excluded testimony and whether this evidence was relevant and material to any question at issue in the case. In light of the foregoing, we overrule appellant's third point of error.

■ In his final point of error, appellant contends the trial court erred by failing to grant him a new trial. It is well-established that granting or denying a motion for new trial is a subject for the trial court's discretion. *Howard Gault & Son, Inc. v. Metcalf,* 529 S.W.2d 317, 321 (Tex. Civ.App.—Amarillo 1975, no writ). The trial court's exercise of its discretion in this area should not be disturbed on appeal unless his action constitutes a manifest abuse of discretion. *See Napier v. Napier,* 555 S.W.2d 186, 189 (Tex.Civ.App.—El Paso 1977, no writ).

■ Here, appellant has not presented any argument or authorities in support of his contention that the court below should have granted him a new trial. Appellant has the burden of demonstrating to us that the court's denial of his motion for new trial amounted to an abuse of discretion. *See Napier,* 555 S.W.2d at 189. In the absence of such a showing, we must presume the trial court properly exercised its discretion by denying the motion.

We overrule appellant's fourth point of error and affirm the judgment of the court below.