**PENTES DESIGN, INC., Appellant,**

**v.**

**Jose PEREZ and Mary Lou Perez, Individually and as Next Friend of Maritza Perez, a Minor, Appellees.**

**No. 13–91–549–CV.**

Court of Appeals of Texas, Corpus Christi.

Sept. 17, 1992.

Rehearing Overruled Oct. 22, 1992.

A. David Carlson, John C. Marshall, De-anna Dean Smith, Marshall, Gonzalez & Carlson, Houston, for appellant.

Ed Stapleton, Carter C. White, Costilla & Stapleton, P.C., Brownsville, for appellees.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

Pentes Design, Inc., appeals from a default judgment rendered against it and in favor of Jose and Mary Lou Perez, individually and as next friend of their minor daughter, Maritza Perez, on a products liability case. The Perezes originally sued Peter Piper Pizza, which in turn filed a third-party claim and served Pentes as a third-party defendant on January 2, 1990. The Perezes later sued Pentes directly and served it as a defendant in the primary suit on February 12, 1990. On March 30, 1990, the Perezes took a default judgment against Pentes, which at that time had failed to answer either the third party action or the Perezes' petition. Pentes then filed a motion for new trial complaining of the default judgment. On the present appeal, Pentes raises two points of error. We affirm.

By its first point of error, Pentes complains that the trial court abused its discretion and erred in overruling its motion for new trial. A motion for new trial is addressed to the sound discretion of the trial judge, whose ruling will not be dis-

turbed on appeal in the absence of a showing of an abuse of that discretion. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex. 1984).

A default judgment should be set aside if appellants establish: (1) that the failure to answer was neither intentional nor the result of conscious indifference, but was due to mistake or an accident, (2) that the defendant has a meritorious defense, and (3) that the defendant's motion for new trial was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to plaintiff. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (Tex.Comm'n App.1939, opinion adopted); *see also Holt Atherton Industries, Inc. v. Heine,* 835 S.W.2d 80 (1992); *Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex.1966).

In order to meet the first element of the *Craddock* test, Pentes contends that its failure to file an answer was due to accident or mistake and was not intentional or the result of conscious indifference. Some excuse, but not necessarily a good excuse, is enough to warrant setting aside a default judgment, so long as the act or omission causing the defendant's failure to answer was, in fact, accidental. *Craddock,* 133 S.W.2d at 125; *Jackson v. Mares,* 802 S.W.2d 48, 50 (Tex.App.—Corpus Christi 1990, writ denied). Where the factual allegations in a movant's affidavits are not controverted, it is sufficient that the motion and affidavit set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987); *Strackbein v. Prewitt,* 671 S.W.2d 37, 38–39 (Tex.1984).

In the present case, Pentes alleges in its motion for new trial and by the affidavit of its president, Mr. Jack Pentes, that Mr. Pentes received citation on the third party action by Peter Piper Pizza on January 2, 1990, after it had been served on the Texas Secretary of State and forwarded to Pentes' out-of-state address. Mr. Pentes claims that he was initially confused because it appeared that Pentes' time to answer had already passed. The motion and affidavit next allege that when citation for the present action by the Perezes was served on Mr. Pentes on February 12, 1990, he did not realize that Pentes had been sued by the Perezes but was under the mistaken impression that the papers related to the third-party action against Pentes by Peter Piper Pizza and were duplicates of the citation received on January 2, 1990. The motion and affidavit further allege that Mr. Pentes was in communication with Peter Piper Pizza's attorney and was under the impression that the lawsuit was "being resolved on a semi-informal basis." The correspondence attached as exhibits to Mr. Pentes' affidavit, however, although it includes a request by Pentes that Peter Piper Pizza dismiss the third-party action, does not indicate or in any way suggest that Peter Piper Pizza or its insurance carrier agreed to settlement, was involved in settlement negotiations with Pentes, or in any way led Pentes to believe that it did not have to answer the third-party action.

Pentes' excuse for failure to timely answer the Perezes' petition is based upon its contention that it did not recognize these papers as pertaining to a separate and distinct action but believed them to be merely duplicates of what it had already received regarding the third-party action by Peter Piper Pizza. *See Jackson v. Mares,* 802 S.W.2d 48, 49–50 (Tex.App.—Corpus Christi 1990, writ denied) (defendant's attorney did not recognize papers as citations but assumed that they were documents related to another matter in which he represented the defendant); *National Rigging, Inc. v. City of San Antonio,* 657 S.W.2d 171 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.) (sufficient excuse shown where president of two corporations was served with identical petitions against both corporations and, assuming that one was merely a copy of the other, forwarded only one of the petitions to his insurance carrier).

Even assuming that Pentes believed that the Perezes' petition was a duplicate of Peter Piper Pizza's third-party action, Pentes' motion and affidavit reveal no excuse for its failure to answer the third-party action. Initially, although Pentes alleges that it was confused because the

original citation indicated that its time to answer the third party action had passed, Pentes does not allege or suggest that it believed that it was thereby generally relieved of its duty to answer. Rather, Pentes suggests that its correspondence with the attorney for Peter Piper Pizza shows that its failure to timely answer was due to accident or mistake rather than intentional or due to conscious indifference.

Pentes relies on *Gotcher v. Barnett*, 757 S.W.2d 398, 402 (Tex.App.—Houston [14th Dist.] 1988, no writ), for the proposition that an agreement to settle or extended settlement negotiations which fail to materialize may show an inadvertent rather than an intentional or consciously indifferent failure to answer, and therefore justify setting aside a default judgment. *See also Sedberry v. Jones*, 42 Tex. 10, 11–12 (1875); *General Portland, Inc. v. Collins*, 549 S.W.2d 757, 759 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.). In the present case, however, Pentes' conclusory allegation that the lawsuit was being "resolved on a semi-informal basis," together with the exhibits supposedly supporting this allegation, shows no indication of settlement or other excuse for Pentes' failure to answer as required. *See Beck v. Palacios*, 813 S.W.2d 643, 645 (Tex.App.—Houston [14th Dist.] 1991, no writ). Therefore, since Pentes cannot excuse its failure to answer the third party action, it cannot excuse its failure to answer the Perezes' petition on the ground that it believed that petition to be a duplicate of the third party action. The trial court did not abuse its discretion in finding that the first element of the *Craddock* test was not met.

Having found that Pentes failed to meet the first element of the *Craddock* test, we need not address the other elements. Pentes first point of error is overruled.

By its second point of error, Pentes challenges the legal and factual sufficiency of the evidence to support the trial court's award of damages.

A no-answer default judgment operates as an admission of the material facts alleged in the plaintiff's petition, except for unliquidated damages. *Holt Atherton Industries*, 835 S.W.2d at 83; *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex.1984); *Bennett Interests, Ltd. v. Koomos*, 725 S.W.2d 316, 318 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). Under Tex.R.Civ.P. 241 and 243, proof is required only with respect to damages which are either unliquidated or not proven by a written instrument. A claim is liquidated if the amount of damages can be accurately calculated by the court from the factual as opposed to the conclusory allegations in the petition and an instrument in writing. *Willacy County Appraisal Review Board v. South Padre Land Co.*, 767 S.W.2d 201, 204 (Tex.App.—Corpus Christi 1989, no writ); *cf. Alvarado v. Reif*, 783 S.W.2d 303, 305 (Tex.App.—Eastland 1989, no writ) (written repair estimate is not a liquidated damage).

However, we cannot determine the sufficiency of the evidence to support the award of damages without reference to the plaintiff's petition. The appellant bears the burden on appeal of bringing forward a record that reveals error entitling it to a reversal. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968); *Howard v. Phillips*, 728 S.W.2d 448, 450 (Tex.App.—Fort Worth 1987, no writ); *Tidelands Life Insurance Co. v. Harris*, 675 S.W.2d 224, 226 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.). Specifically, when a pleading necessary to the disposition of a point of error is not before us, we must presume that the omitted pleading establishes the correctness of the judgment. *Olivares v. Cauthorn*, 717 S.W.2d 431, 434 (Tex.App.—San Antonio 1986, writ dism'd); *see also Howard*, 728 S.W.2d at 450–51.

In the present case, Pentes failed to include in the appellate record Plaintiffs' First Amended Original Petition, the pleading upon which the present default judgment was granted.[1] Nor can we determine

---

1. Plaintiffs' Second Amended Original Petition, which is in the transcript on appeal, was filed after the default judgment against Pentes, but before final judgment with regard to the other parties and claims in the lawsuit.

the nature of the claims in the Perezes' petition from the default judgment itself, which merely awards $500,000 in damages without specifying what these damages are awarded for. Thus, we do not know what damages the Perezes claimed in their First Amended Original Petition. Nor do we feel compelled to speculate from subsequent pleadings, or try to piece together from various statements in the parties' briefs concerning the nature of the present suit[2], what all of the allegations of damages might have been. Although it might seem extremely unlikely that any unliquidated damages proven by an instrument in writing could have been alleged in what has been characterized by appellees themselves as a "products liability case," we do not feel that we are at liberty to speculate about such matters without the relevant pleading before us.

◼ Nevertheless, even if we review the sufficiency of the evidence to support the damages awarded based upon those claims for which Pentes contends in its brief that the evidence is insufficient and which the Perezes mentioned specifically at the default hearing, we hold that the evidence presented was legally and factually sufficient to support the award of damages based on Maritza Perez's physical pain, mental anguish, and disfigurement.

◼ When the trial court does not itemize damages in its default judgment, it is impossible to determine what portion of the damages were ascribed to each ground of recovery claimed by the plaintiff. Therefore, we must examine the record to see if the evidence offered to prove any of the various grounds supports the amount of damages awarded. *See Daylin, Inc. v. Juarez*, 766 S.W.2d 347, 352 (Tex.App.—El Paso 1989, writ denied); *Popowski v. Gramza*, 671 S.W.2d 915, 918 (Tex.App.— Houston [1st Dist.] 1984, no writ).

In order to support their claims for unliquidated damages at the default hearing, the Perezes presented the testimony of Mary Lou Perez, the mother of Maritza Perez. Mary Lou testified that, while the Perez family was at the Peter Piper Pizza restaurant, two of seven-year-old Maritza's permanent front teeth were pulled out of her mouth while she was in a play area designed by Pentes. Mary Lou further testified that Maritza suffered physical pain at the time of the accident as evidenced by her bleeding and crying, that since then she has continued to suffer physical pain, and that Maritza has also suffered mental anguish, inability to sleep, and disfigurement as a result of the loss of her teeth.

◼ There is clearly some evidence to support Maritza Perez's claims for physical pain, mental anguish and disfigurement. The fact finder may infer such damages from the nature of the injury itself in the present case, though there may be no direct testimony of pain or mental anguish from Maritza herself. *See Popowski v. Gramza*, 671 S.W.2d 915, 919 (Tex.App.— Houston [1st Dist.] 1984, no writ); *Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113, 120 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

◼ We must therefore determine whether the evidence supporting the amount of damages awarded is so factually insufficient that it is against the great weight and preponderance of the evidence as to be manifestly unjust. *Larson v. Cactus Utility Co.*, 730 S.W.2d 640 (Tex.1987); *Pope v. Moore*, 711 S.W.2d 622 (Tex.1986); *Daylin, Inc. v. Juarez*, 766 S.W.2d 347, 352 (Tex.App.—El Paso 1989, writ denied). However, once the existence of some pain, mental anguish and disfigurement has been established, there is no objective way to measure the adequacy of the amount awarded as compensation, which is generally left to the discretion of the fact finder. *See Daylin, Inc. v. Juarez*, 766 S.W.2d 347, 352 (Tex.App.—El Paso 1989, writ denied). The amounts of damages awarded for pain and suffering and disfigurement are neces-

---

**2.** The briefs in the present case suggest that this is a products liability case involving theories of strict liability, negligence and breach of warranty, based on injuries that Maritza Perez sus-

tained on a piece of children's play equipment designed by Pentes for use in Peter Piper Pizza's establishment.

sarily speculative and each case must be judged on its own facts. *See Tri–State Motor Transit Co. v. Nicar,* 765 S.W.2d 486, 494–95 (Tex.App.—Houston [14th Dist.] 1989, no writ); *Gulf States Utilities Co. v. Dryden,* 735 S.W.2d 263, 268 (Tex. App.—Beaumont 1987, no writ); *Rosenblum v. Bloom,* 492 S.W.2d 321, 325 (Tex. Civ.App.—Waco 1973, writ ref'd n.r.e.).

In the present case, considering the obvious pain and permanent disfigurement caused to Maritza by the loss of two front teeth, the award of $500,000 is not excessive. Pentes' second point of error is overruled. The judgment of the trial court is AFFIRMED.