NO. 07-04-0554-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 12, 2005
_____

JOHN SCOTT and HAZEL SCOTT,

Appellants

v.

HOLLY SIMPSON and LENIS SIMPSON,

Appellees
_____

FROM THE COUNTY COURT AT LAW NO. 1 OF POTTER COUNTY;

NO. 90,963-1; HON. W. F. ROBERTS, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

John and Hazel Scott (the Scotts), acting *pro se*, appeal from a judgment awarding Holly and Lenis Simpson (the Simpsons) $10,674.67 plus attorney's fees of $3,500.00. The judgment was entered upon trial at which the Scotts failed to appear. They seek reversal because they 1) received no notice of the trial date, and 2) did not breach their contract with the Simpsons or commit fraud or deceptive trade practices. We affirm the judgment of the trial court.

Regarding the contention that they did not receive notice of the trial setting, no evidence of record illustrates as much. And, though the allegation was made in the motion for new trial filed by the Scotts, the motion was neither verified nor accompanied by a supporting affidavit. Nor do the allegations contained in the Scotts' appellate brief fill the void; factual statements and documents appearing only in the appellate brief are not evidence upon which this court may act. *See Castano v. San Felipe Agricultural, Mfg. & Irr. Co.,* 147 S.W.3d 444, 452-53 (Tex. App.–San Antonio 2004, no pet.) (stating that an appellate court may not consider evidence included in or attached to briefs that is not part of the official record developed at trial); *Custom-Crete, Inc. v. K-Bar Services, Inc.,* 82 S.W.3d 655, 659 (Tex. App.–San Antonio 2002, no pet.) (stating that one contending he received no notice of the trial date must produce evidence, not simply allegation, to support the contention). Indeed, we are limited to reviewing only that competent evidence presented to and admitted by the trial court. *See Castano v. San Felipe Agricultural, Mfg. & Irr. Co.,* 147 S.W.3d at 452-53. Thus, the allegation that the Scotts received no notice of the trial date is unsubstantiated and overruled.

Regarding the other issues raised by the Scotts, they appear as little more than effort to attack the sufficiency of the evidence underlying the trial court's finding of liability, which the Scotts do simply by asserting factual allegations in and attaching documents to their appellate brief. Again, such are not competent evidence upon which we can act since they are not part of the appellate record. *Id.* Nor do we have a reporter's record of the trial

or documentation within the appellate record illustrating that the Scotts requested it.[1] This is fatal since the Scotts had the burden to provide us with a record sufficient to support their contentions and establish the need for reversal. *Pentes Design, Inc. v. Perez,* 840 S.W.2d 75, 79 (Tex. App. –Corpus Christi 1992, writ denied). Without the reporter's record, we can only presume that the trial court had sufficient evidence before it to support its decision. *Vickery v. Commission for Lawyer Discipline,* 5 S.W.3d 241, 251 (Tex. App.–Houston [14th Dist.] 1999, pet. denied) (holding that when there is neither a reporter's record nor findings of fact, the appellate court will assume the trial court heard sufficient evidence to make all the necessary findings to support the judgment). Thus, we overrule these issues as well.

The judgment of the trial court is affirmed.

Per Curiam

---

[1] The Scotts do assert in their brief that they were told by the reporter that no record of the trial was made. Yet, they do not contend that the trial court heard no evidence at the proceeding. Nor does the record establish that the trial court heard no evidence. *See* TEX. R. CIV. P. 243 (stating that if the damages are unliquidated, then the trial court "shall hear evidence as to damages . . . unless the defendant shall demand and be entitled to a trial by jury . . .").