

# NUMBER 13-21-00232-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TIMOTHY L. MATTHEWS,                                                     Appellant,

v.

DISCOVER BANK,                                                            Appellee.

On appeal from the 24th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Silva
Memorandum Opinion by Justice Silva**

This is an appeal of a no-answer default judgment in a breach of contract suit. By a single issue, appellant Timothy L. Matthews challenges the trial court's default judgment in favor of appellee Discover Bank. We affirm.

# I. BACKGROUND

Discover Bank filed its original petition against Matthews on March 4, 2021, alleging the parties "entered into a credit account agreement," and Matthews "failed to repay all of the credit services rendered under the [a]greement." Discover Bank sought recoupment of an outstanding debt in the amount of $114,063.23. After successfully serving Matthews and receiving no response, Discover Bank filed a motion for default judgment on May 6, 2021. Discover Bank's motion included several exhibits: an affidavit of its duly authorized agent, the cardmember agreement between Discover Bank and Matthews, and Matthews's statement showing an outstanding balance of $114,063.23. The trial court subsequently issued a default judgment.

On May 24, 2021, Matthews filed a motion for new trial with an accompanying affidavit, wherein Matthews claimed his failure to file an answer had been accidental. Matthews stated he believed "that the paperwork [he] received concerned an ongoing litigation" brought by his wife's former employer (employer suit). Matthews raised the affirmative defenses of estoppel and payment.

At a hearing on Matthews's motion, the parties' respective counsel explained the basis for the employer suit: Matthews's wife purportedly used her employer's funds to make unauthorized payments to various creditors, including Discover Bank. According to Discover Bank's counsel, the employer suit "put [Discover Bank] on notice" regarding the unauthorized payments on Matthews's credit card; Discover Bank thereafter refunded the employer, and then Discover Bank brought suit against Matthews. Matthews acknowledged at the hearing that Discover Bank was not a named party in the employer

suit and was just one of several creditors allegedly paid via unauthorized means. Matthews testified that because this suit concerned "the same exact charges," he believed "it was all part of the same thing." Matthews further testified that all payments to Discover Bank had been made with authorization from his wife's employer and that his account had no outstanding balance. Thus, Matthews contended that Discover Bank should be estopped from seeking a second round of payments from Matthews.

The trial court denied Matthews's motion for new trial, and this appeal followed.

## II. DISCUSSION

### A. Standard of Review and Applicable Law

We review a trial court's denial of a motion for new trial for an abuse of discretion. *In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021) (per curiam). "A trial court abuses its discretion if it acts without reference to any guiding rules or principles or fails to correctly analyze or apply the law." *XL Ins. Co. of N.Y. v. Lucio*, 551 S.W.3d 894, 898 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.). "Under *Craddock*, though, a trial court's discretion is limited." *Sandoval*, 619 S.W.3d at 721 (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). Pursuant to *Craddock*, a trial court must set aside a default judgment if it is shown by the movant in a motion for new trial that:

> (1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; (2) the motion for a new trial sets up a meritorious defense; and (3) granting the motion will occasion no delay or otherwise work an injury to the plaintiff.

3

*Id.* (cleaned up) (quoting *Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012)). When, as here, no findings of fact and conclusions of law are filed, the trial court's denial of a motion for new trial "must be upheld on any legal theory supported by the evidence." *Lynch v. Lynch*, 540 S.W.3d 107, 121 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *see also Schindler v. Schindler*, No. 13-16-00483-CV, 2018 WL 3151857, at *2 (Tex. App.—Corpus Christi–Edinburg June 28, 2018, no pet.) (mem. op.).

**B.    Analysis**

Because it is dispositive, we address only whether Matthews met the first element of the *Craddock* test; that is, whether he proved that his failure to file an answer was not intentional or the result of his conscious indifference. *See Craddock*, 133 S.W.2d at 126. A court looks to the knowledge and acts of the defendant to determine whether a failure to file an answer was intentional or due to conscious indifference. *Lucio*, 551 S.W.3d at 899 (observing that "[n]ot understanding a citation and then doing nothing following service does not constitute a mistake of law that is sufficient to meet the *Craddock* requirements"). "A defendant satisfies its burden as to the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Sutherland*, 376 S.W.3d at 755. However, where an evidentiary hearing is conducted on a motion for new trial and the trial court is presented with controverting evidence, "the question of why the defaulted party failed to answer presents a question of fact," and the trial court may believe all, none, or part of a witness's testimony. *Lynch*, 540 S.W.3d at 122 (quoting

4

*Pekar v. Pekar*, No. 09-14-00464-CV, 2016 WL 240761, at *3 (Tex. App.—Beaumont Jan. 21, 2016, no pet.) (mem. op.)); *see also Schindler*, 2018 WL 3151857, at *2.

Here, Matthews confirmed that he was served but stated that he did not answer because he believed the documents concerned separate, pre-existing litigation. However, Matthews also testified that he knew that Discover Bank was not a named party in the existing litigation, and apart from vague, conclusory statements observing the existence of another suit, Matthews provided no explanation regarding how such existence nullified his responsibility to respond to this suit.[1] *See Lucio*, 551 S.W.3d at 899; *see also Fid. & Guar. Ins. Co. v. Drewery Const. Co.*, 186 S.W.3d 571, 575 (Tex. 2006) (per curiam) (concluding that "a conclusory statement" in an affidavit "must generally be supported by some explanation"); *Maverick Oil Tools, LLC v. Dem Well Head Servs., LLC*, No. 13-15-00588-CV, 2017 WL 6379739, at *3 (Tex. App.—Corpus Christi–Edinburg Dec. 14, 2017, no pet.) (mem. op.) (observing that "negotiating a settlement agreement may be a valid excuse under certain circumstances for a failure to answer" but a defendant's "vague, conclusory statements concerning attempts to resolve this lawsuit and discussions regarding potential solutions" could not survive a *Craddock* inquiry).

We find guidance in a case from this Court: *Pentes Design, Inc. v. Perez*, 840 S.W.2d 75, 78 (Tex. App.—Corpus Christi–Edinburg 1992, writ denied). In *Perez*, the defendant's excuse for failing to timely answer the plaintiff's petition was based upon its belief that the petition received was a "duplicate" of an existing "third party action," which

---

[1] Matthews's motion indicated that he "assumed that his attorney . . . had received a copy of these documents." However, Matthews did not contend at the hearing or in his affidavit that he failed to answer because he believed his attorney had answered or would answer on his behalf.

it claimed was already "being 'resolved on a semi-informal basis.'" *Id.* at 79. This Court reasoned that even accepting this belief in earnest, the defendant showed "no indication of settlement" in the related action or "other excuse for [its] failure to answer as required." *Id.* This Court concluded that, based on these facts, "[t]he trial court did not abuse its discretion in finding that the first element of the *Craddock* test was not met." *Id.*

We conclude similarly here. The trial court could have reasonably inferred that Matthews knew when he was served that suit had been initiated against him and that he was required to appear in court irrespective of an existing suit brought by an unrelated party elsewhere. *See id.*; *see also Sandoval*, 619 S.W.3d at 721. Therefore, Matthews failed to establish the first *Craddock* factor, and the trial court did not act unreasonably, arbitrarily, or without reference to any guiding rules and principles when it denied Matthews's motion for new trial. *See Sandoval*, 619 S.W.3d at 721; *Lucio*, 551 S.W.3d at 898. We overrule Matthews's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
24th day of March, 2022.

6