William H. SPENCER, Appellant,

v.

AFFLECK & COMPANY, Appellee.

No. A2712.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 5, 1981.

Rehearing Denied Sept. 10, 1981.

Dan Carabin, San Antonio, for appellant.

Edward Kliewer, III, San Antonio, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from the trial court's overruling of a motion for new trial seeking to set aside a default judgment.

Affleck & Company (Affleck), appellee, filed suit on October 5, 1977 against William H. Spencer (Spencer), appellant, to recover broker's fees allegedly due for obtaining loan commitments to Spencer for a construction project. Spencer filed a general denial. On December 5, 1979, the case was set for trial on the non-jury docket for February 12, 1980. On February 12, Spencer's attorney orally moved for continuance. The court granted the continuance, but set the case for trial on February 22, 1980 and

noted that no further continuances would be granted. Neither Spencer nor his attorney appeared for trial on February 22. After a hearing, the court entered default judgment against Spencer in the amount of $23,500.00 for broker's fees and $7,500.00 for attorney's fees.

On March 10, 1980, Spencer moved for a new trial, alleging (1) the broker's fee was not earned because the loan commitment was not accepted; (2) there was no consideration for the brokerage contract, because the loan commitments were extended to Spencer before the brokerage contract was executed; (3) Spencer's failure to appear at trial was the result of a failure of communication between Spencer and his attorney, not the result of conscious indifference; (3) the granting of a new trial would not unreasonably delay the matter to Affleck's prejudice; and (4) Spencer would be "agreeable" to try the case 45 days after a new trial was granted. The court overruled the motion. Spencer appeals, contending he met the requirements for setting aside a default judgment and granting a new trial.

A movant is entitled to have a default judgment against him vacated a and a new trial ordered when (1) he establishes that the failure to attend trial was not due to conscious indifference on his part, but was due to accident or mistake; (2) he sets up a meritorious defense; and (3) he shows that the granting of a new trial will occasion no delay or otherwise injure the non-movant. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939).

Even if Spencer set up a meritorious defense, he also had to meet the first and third requirements of the *Carrell* and *Craddock* rules. Spencer, in his own affidavit, admits that he learned of the trial setting by telephone on the afternoon of February 20, 1980. "Prior commitments" made it "absolutely impossible" for him to attend the trial. He unsuccessfully tried to phone his attorney before the trial. On February 22, 1980, Spencer received a letter from his attorney dated February 20, 1980. The let-

ter informed Spencer of the trial setting. Enclosed with such letter was another letter from the same attorney dated February 14, 1980, also noting the trial setting. Both letters were incorporated into the affidavit and offered into evidence.

The affidavit and the letters establish that Spencer knew of the trial setting before the trial date. He presented no facts to support his impossibility excuse. Furthermore, the affidavit, the letters and the continuance order establish that Spencer's attorney knew of the February 22, 1981 setting well in advance. Spencer offered no excuse for, or explanation of, his attorney's failure to appear. Spencer points out that the court observed on February 22, 1980 that it would follow the continuance order of February 12, 1980 and would not grant further continuances even if a motion were presented. The fact remains that no such motion was made on February 22. The facts compel the conclusion that Spencer's failure to appear, either personally or by counsel, was the result of conscious indifference.

In order to comply with the third requirement of the *Carrell* and *Craddock* rules—that a new trial will not prejudice the non-movant—the movant must offer to and show that he is ready, willing and able to go immediately to trial and he is willing to reimburse the non-movant for the reasonable expenses incurred in obtaining the default judgment. *Calhoun v. Calhoun*, 617 S.W.2d 756 (Tex.Civ.App.—Houston [14th Dist.], 1981) (not yet reported); *Mitchell v. Webb*, 591 S.W.2d 547 (Tex.Civ.App.—Fort Worth 1979, no writ). Spencer alleged that he would be "agreeable" to a trial setting 45 days after the granting of the motion for new trial. He did not offer to proceed immediately to trial or to reimburse Affleck's reasonable expenses.

Regardless of the defenses which Spencer raised, the trial court was justified in overruling the new trial motion because of Spencer's conscious indifference and his failure to offer to ameliorate prejudice to Affleck. Spencer's points of error are overruled.

 By supplemental brief filed after submission of this appeal upon oral arguments, Spencer urges this court to reverse on the grounds that there is no evidence to support the award of attorney's fees. The point was not raised in the motion for new trial, the original briefs, or the oral arguments. We cannot consider grounds for reversal tendered after submission of the case to this court upon briefs and argument. *Green Light Company, Inc. v. Moore*, 485 S.W.2d 360 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ). Even if we could consider such grounds "in the interests of justice," as Spencer argues, we are not persuaded that the interests of justice require us to entertain the point under the circumstances of the instant case.

For the reasons set forth above, the judgment of the trial court is affirmed.

Affirmed.