**Eric G. LOEWER, Appellant,**

v.

**FLANAGAN FARMS, Appellee.**

**No. 04–82–00001–CV.**

Court of Appeals of Texas,
San Antonio.

Nov. 9, 1983.

Patrick Lowe, Dodson, Nunley & Taylor, Uvalde, for appellant.

Bob J. Spann, Spann & Smith, Corpus Christi, for appellee.

Before CADENA, C.J., and BUTTS and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

Eric C. Loewer appealed a default judgment against him after his motion for new trial was overruled by the trial court. We find the trial court did not abuse its discretion in granting the default judgment and affirm.

Flanagan Farms, a partnership, filed this suit based on negligence, praying for damages, actual and punitive, and injunctive relief. The trial court, after hearing evidence from a partner, James C. Flanagan, awarded actual damages in the sum of $3000.00 and a permanent injunction against Kirk Farm, a partnership, Eric G. Loewer, L & L Storage, Inc., Guillory Tank Truck Service, Inc., Reinhard Bieber, Reynald P. Fontenot, Lindsey J. Aucoin, and Brian N. Heinen, M.D., individually, jointly and severally. The court enjoined Loewer and the others from flying aircraft over Flanagan Farms at an altitude lower than 750 feet.

Although Loewer was served with citation, he filed no answer. Evidence at the trial preceding default judgment showed that a Flanagan Farms "Beefmaster" cow, gravid with calf, ruptured her uterine artery when she ran into a creek and mired, her panic-stricken state caused by a low-flying airplane of the defendants. Both the cow and calf died. Flanagan testified he had obtained the number of the plane and ascertained the plane to be registered to Loewer. He further told of many instances when the plane "buzzed" his farm, thereby endangering his livestock. His efforts to end the low-flying missions of the plane had met with no success. Flanagan testified to the market value of the cow. We observe that the original petition with which Loewer said he was served, states a cause of action in negligence and provides notice of the underlying facts relied upon. *See Stoner v. Thompson,* 578 S.W.2d 679, 682–83 (Tex.1979).

Loewer grounded his motion for new trial on four points, alleging conclusively: (1) His failure to file an answer was not intentional, nor the result of conscious indifference on his part; (2) it was due to an accident or mistake; (3) he has a meritorious defense, and; (4) no delay will result to plaintiff by granting the new trial.

These are the criteria required for setting aside a default judgment. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). All of the elements of *Craddock* must be satisfied. The question whether the *Craddock* test is satisfied is addressed to the sound discretion of the trial court and will be overturned only upon a showing of abuse of discretion. *Farley v. Clark Equipment Co.,* 484 S.W.2d 142, 150 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.).

In the present case the trial court made findings of fact and conclusions of law. Not challenging any matters regarding the permanent injunction, Loewer presents three points of error questioning the validity of certain findings of fact and conclusions of law bearing on the *Craddock* elements. He questions these findings of fact:

8. That the testimony of Loewer of the failure to file an answer was the result of an accident or mistake is inconsistent with his testimony that he has no recollection as to what he did with the citation.

11. That the failure of Loewer to file or cause an answer to be filed is not the result of an accident or mistake.

\*   \*   \*   \*   \*   \*

He questions these conclusions of law:

5. That the affidavit of Loewer is *nil dicit* as to any efforts to cause an answer to be filed and does not satisfy the standard of conduct required of a defendant seeking to set aside a default judgment.

7. That a sufficient showing has not been made to set aside the judgment entered by the Court.

8. That as a matter of law in the face of allegations of continuous and repeated flights originating from the Kirk Farm over a long period of time the affidavit failed to allege and the testimony of the witness failed to raise a meritorious defense to such allegations.

\*   \*   \*   \*   \*   \*

Loewer does not question ten other findings of fact which may be summarized: The return of service of citation was proper. Low altitude flights originating from the defendant farm would continue and would cause further damage to plaintiffs unless enjoined. The value of the cow is $3,000.00. Loewer testified he received service of citation but did not know what he had done with it. While the affidavit attached to the motion for new trial lists a number of possibilities, it does not state what he did with the citation or intended to do with it. His testimony that the failure to file an answer was not intentional or the result of conscious indifference is not supported by any testimony of any efforts to deliver the citation to an attorney or to make arrangements for an attorney to file an answer or to arrange for a fee to be paid for services to file an answer or file an answer himself. His counsel did not testify that Loewer or others made efforts to cause an answer to be filed or to answer prior to entry of judgment. Loewer failed to make any efforts to cause an answer to be filed before default judgment was rendered.

And Loewer does not question these conclusions of law, as summarized: All matters [alleged in the petition] are taken as admitted except the issue of damages, and the allegations of the petition supported recovery of damages. Further allegations of the petition supported the requested permanent injunction prohibiting low altitude flights. The defendant must meet the *Craddock* standards to prevail in a motion to set aside a default judgment. The judgment by default in this case was properly entered by the court.

■ In the absence of exceptions or objections to the trial court's findings of fact, the appellate court is bound thereby. *Wade v. Anderson,* 602 S.W.2d 347, 348 (Tex.Civ. App.—Beaumont 1980, writ ref'd n.r.e.). We therefore presume the evidence supported the unchallenged findings of fact. If there is any evidence of a probative nature to support the findings of the trial court, the judgment based on the findings must be affirmed. *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972, 977 (1951).

**754**

Loewer argues the two questioned fact findings, *supra,* are against the great weight and preponderance of the evidence. In a nonjury case the trial court is the sole judge of the credibility of the witnesses and may believe or disbelieve any witness, in part or entirely. *Chitsey v. Pat Winston Interior Design, Inc.,* 558 S.W.2d 579, 581 (Tex.Civ.App.—Austin 1977, no writ). The trial court, in this case, could have determined from the evidence presented at the motion for new trial that Loewer did testify inconsistently regarding "accident or mistake." He replied, "I am not certain," when asked what he did with the citation. When asked if he failed to answer intentionally, he replied, "Oh, no." When asked if some type of mistake was made, he answered, "Correct." He stated he "was under the impression" he gave the petition and citation to someone in his law firm, "but I can't be absolutely certain that I did. A lot of activity was going on at the time."

We find the trial court did not err in finding that failure to file an answer was not the result of an accident or mistake. The negative finding means, in law, that Loewer failed to sustain his burden in proving this matter. *C & R Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966). Because Loewer did not show that his failure to file an answer was not the result of conscious indifference but due to accident or mistake, which he was bound to do as movant in the proceedings to gain a new trial, we hold that the challenged findings of fact of the trial court are not against the great weight and preponderance of the evidence.

Agreeing with the trial court that Loewer failed to prove the first two elements of *Craddock,* as required, we find it is not necessary that we determine whether the court correctly concluded no meritorious defense was shown. *All* of the elements must be established; this was not done.

By cross-point Flanagan Farms asks that punitive damages be assessed by this appellate court, TEX.R.CIV.P. 438. We decline to do so.

The judgment is affirmed.