HST GATHERING COMPANY, Appellant,

v.

MOTOR SERVICE, INC., Appellee.

No. 13–84–082–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 15, 1984.

Rehearing Denied Dec. 20, 1984.

Jerry N. Dennard, San Antonio, for appellant.

Charles L. Williams, Kingsville, for appellee.

Before NYE, C.J., and SEERDEN and GONZALEZ, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from a judgment rendered against appellant in a non-jury trial where it, as defendant in the trial court, had filed an answer but failed to appear, either in person or by its attorney.

A motion for new trial as well as an amended motion were timely filed, and, after a hearing on the amended motion, the trial court overruled same. No requests for findings of fact or conclusions of law were made, and none were filed. Under these circumstances, it is implied that the trial court made all necessary findings to support its judgment, and the trial court's judg-

ment will be affirmed if there is evidence of probative force to support it on any theory authorized by law. *Cameron v. MacDonell*, 659 S.W.2d 911 (Tex.App.— Corpus Christi 1983, no writ); *Henderson-Bridges, Inc. v. White*, 647 S.W.2d 375 (Tex.App.—Corpus Christi 1983, no writ).

■ In considering whether a new trial should be granted in this type of situation, the same rules apply for motions for new trials which seek to set aside default judgments entered on failure of a defendant to file an answer and those entered on failure to appear for trial. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966); *Stone Resources, Inc. v. Barnett*, 661 S.W.2d 148 (Tex.App. —Houston [1st Dist.] 1983, no writ).

■ The rule is well settled that a movant is entitled to have a default judgment against him vacated and a new trial ordered when (1) he establishes that the failure to attend trial was not intentional or due to conscious indifference on his part, but was due to accident or mistake; (2) he sets up a meritorious defense; and (3) he shows that the granting of a new trial will occasion no delay or otherwise injure the non-movant. *Ivy v. Carrell*, supra; *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex.1939); *Spencer v. Affleck & Co.*, 620 S.W.2d 831 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

■ Appellant, in his amended motion for new trial and in the evidence presented at the hearing thereon, showed that the failure to appear was the result of a mistake and that the notice had been sent to the attorney of record who, at the time the notice was received in his office was ill, had advised his client to seek other counsel and whose office staff was unaware that the nature of the "hearing" referred to in such notice was to be the trial on the merits. We hold the failure of the appellant's counsel to appear was not deliberate or the result of conscious indifference.

In testimony at the hearing on the motion for new trial, appellant presented evidence that was sufficient to establish a prima facie case of a meritorious defense

to some, if not all, of the monies appellee claimed were due it.

■ With respect to the third condition for granting a new trial, that is, that the granting of the new trial will occasion no delay or otherwise injure the non-movant, appellant, both in his amended motion for new trial and at the evidentiary hearing, announced that it was ready to go to trial immediately and offered to pay reasonable attorney's fees to appellee in connection with their appearance and the taking of the default judgment. While it would have been more clear if appellant would have couched its offer so as to include all reasonable expenses, not just attorney's fees, we hold that the offer was broad enough to include all reasonable expenses.

■ While we recognize that the question of whether to set aside a default judgment is addressed to the sound discretion of the trial court and will be overturned only upon a showing of abuse of discretion, *Loewer v. Flanagan Farms*, 661 S.W.2d 751 (Tex.App.—San Antonio 1983, no writ); *Zonker v. Sullivan*, 650 S.W.2d 189 (Tex. App.—El Paso 1983, writ ref'd n.r.e.), such discretion is not unbridled; and, when the three conditions set forth above have been met, the trial court should grant a new trial. *Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124 (Tex.1939); *Mitchell v. Webb*, 591 S.W.2d 547 (Tex.Civ.App.—Fort Worth 1979, no writ); *Jack Adams Aircraft Sales, Inc. v. Hurley*, 569 S.W.2d 599 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.).

■ We hold that appellant met all the conditions required, and it was error for the trial court to refuse to grant its motion for new trial, conditioned on its payment of reasonable expenses in connection with appellee's obtaining the judgment. Appellant's first point of error is sustained.

By its second and third points of error, appellant complains of the sufficiency of the evidence to support portions of the sums awarded to appellee. Though appellant has made out a prima facie case for a defense relating to these issues in its mo-

tion for new trial, we find that at the hearing on the default judgment, which was conducted on November 17, 1983, appellee submitted evidence sufficient for the trial court to make the awards of which appellant now complains. Appellant's second and third points of error are overruled.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

GONZALEZ, J., not participating.