**BENNETT INTERESTS, LTD., Bennett & Associates, Inc., and S. Charles Bennett, Appellants,**

v.

**George L. KOOMOS, Jr., Appellee.**

No. 13–86–340–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 31, 1986.

Rehearing Denied Feb. 19, 1987.

Ken Dahlberg, Wood & Burney, Corpus Christi, for appellants.

Tom M. Harrison and Shirley Selz, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

Appellee brought suit under the Deceptive Trade Practices Act. The trial court granted appellee a judgment by default, and awarded appellee with $10,000.00 in damages and $3,000.00 in attorneys' fees. Appellants bring two points of error. We affirm in part and reverse and remand in part.

Appellants, by their first point of error, complain that the trial court erred in failing to set aside the default judgment.

A default judgment is set aside and a new trial ordered when the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided that the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984); *Craddock v. Sunshine Bus Lines, Inc.,* 133 S.W.2d 124, 126 (Tex. Comm'n App.1939, opinion adopted). The trial court's ruling in a motion for new trial to set aside a judgment by default will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Strackbein,* 671 S.W.2d at 38; *HST Gathering Co. v. Motor Service, Inc.,* 683 S.W.2d 743, 745 (Tex.App.—Corpus Christi 1984, no writ).

Appellee's petition alleged that appellants made misrepresentations in the sale of a condominium unit. Specifically:

Defendants represented the unit would be completed by the spring of 1984. They further represented that a sports complex would be under construction and that a rental pool would be established by the spring of 1984. Finally, defendants represented to Mr. Koomos that the closing on the unit would take place in the spring of 1984, in time for him to enjoy profits from the summer rental season.

Bennett controverted these facts in his testimony in support of the motion for new trial. Bennett testified that he never made any representations to appellee establishing completion dates for the unit or the sports complex. Further, Bennett testified that appellee was unable to close and defaulted his earnest money under the terms of the contract. Thereby, appellants "set up" a meritorious defense; one that, if

proved, would cause a different result upon a retrial of the case.[1] *Ivy v. Carrell,* 407 S.W.2d 212, 215 (Tex.1966); *accord Strackbein,* 671 S.W.2d at 39; *HST Gathering Co.,* 683 S.W.2d at 745.

■ However, appellants did not show that their failure to answer before judgment was not intentional, or the result of conscience indifference, but was due to a mistake or accident. Charles Bennett testified that he was served in Nueces County and on that same day he Federal Expressed or sent a copy of the petition to his attorney in San Antonio with a cover letter which said, "Received this document today, would you please take care of it." The San Antonio attorney handles a number of cases for Bennett Interests, LTD. The attorney told Bennett, by phone, to "see if somebody (an attorney) locally [could] handle this case." Bennett testified, with regard to hiring local counsel, that:

> Basically, after that phone conversation when he asked me to do—you know, start checking on some of these things, oh, I guess about a week later, we started checking into them, and that was after—after the time in this case where the judgment was rendered.

Further, Bennett testified on cross-examination that he and his company had a similar default judgment taken against them just three months prior to this hearing. Bennett admitted that because of the previous default judgment, he knew an answer was required to be filed, but testified that he did not understand the process or timetables involved in filing an answer. Bennett also testified that he spoke to his San Antonio attorney "probably every day of the week at least once a day." The trial court did not abuse its discretion in denying the motion for new trial because appellants failed to carry their burden of proof; appellants failed to show that their failure to answer was due to mistake or accident, and

not the result of conscious indifference. There was no showing of any diligence by appellant or his attorney, but rather conscious indifference as to the matter before them. *See Conrad v. Orellana,* 661 S.W.2d 309, 313 (Tex.App.—Corpus Christi 1983, no writ); *Loewer v. Flanagan Farms,* 661 S.W.2d 751, 754 (Tex.App.—San Antonio 1983, no writ); *Spencer v. Affleck & Co.,* 620 S.W.2d 831, 833 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Dempsey v. Gibson,* 100 S.W.2d 430, 432 (Tex.Civ.App.—Waco 1936, no writ). We overrule appellants' first point of error.

Appellants, in their second point of error, complain that the trial court erred in granting the default judgment because there was no evidence to support the award of damages.

■ A no-answer default judgment operates as an admission of the material facts alleged in the plaintiff's petition, except as to unliquidated damages. *Mo-Vac Service, Inc. v. Marine Contractors & Supply, Inc.,* 586 S.W.2d 573, 575 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); Tex. R.Civ.P. 243. The only evidence heard upon the motion for default judgment regarded attorney's fees. There was no evidence concerning the unliquidated damages sought by appellee, nor were the damages proved by an instrument in writing.

This Court held in *Mo-Vac Service, Inc.,* that liability issues are uncontested at the time of trial when a no-answer default judgment is entered, and therefore the cause could be remanded for a hearing on damages alone. 586 S.W.2d at 576; *see Bertsch & Co. v. Spells,* 687 S.W.2d 826, 828 (Tex.App.—Eastland 1985, writ ref'd n.r.e.); Tex.R.App.P. 81. We sustain appellants' second point of error.

The judgment of the trial court is affirmed on the issue of liability, and the

---

1. Also, appellants' motion for new trial announced that they were ready to try the cause and would reimburse appellee for his costs in taking the default judgment. Appellants satisfied the third prong of the *Craddock* test; the

granting of a new trial will occasion no delay or otherwise work an injury to the appellee. *Strackbein,* 671 S.W.2d at 39; *HST Gathering Co.,* 683 S.W.2d at 745.

judgment is reversed and remanded for a trial on the issue of damages.

BENAVIDES, J., not participating.