NUMBER 13-00-642-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


 

IN THE INTEREST OF R.L.H. AND K.M.H., MINOR CHILDREN





On appeal from the 36th District Court

of Live Oak County, Texas.




O P I N I O N

Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Dorsey


Carolyn Marie Vega, the biological mother of two minor children, R.L.H. and K.M.H., appeals from a default judgment
granted in favor of James Alvin Horton. On May 10, 2000, Horton filed an Original Petition for Voluntary Paternity of
Children against Vega, seeking the appointment of himself as the sole managing conservator of R.L.H. and K.M.H. with
the right to determine their primary residence. Though duly served Vega failed to appear or file an answer. On August 23,
2000, approximately ninety-nine days after service, the trial court signed an Order of Parentage, which established Horton
as the father of R.L.H. and K.M.H., appointed Horton and Vega as joint managing conservators of the children, and gave
Horton the right to determine the children's primary residence. Vega timely filed a motion for new trial, which the trial
court overruled after an evidentiary hearing. The issue raised on appeal is whether the trial court abused its discretion in
refusing to set aside the default judgment. We reverse and remand.

Analysis


By her sole issue Vega asserts that the trial court abused its discretion in denying her motion for new trial because her
affidavit, along with the testimony presented at the evidentiary hearing, established that she met the test in Craddock v.
Sunshine Bus Lines, Inc., 133 S.W.2d 124, 125 (Tex. 1939).

We point out that our law prefers that courts dispose of cases on their merits whenever possible, rather than by default. See
Reed v. City of Dallas, 724 S.W.2d 778, 786 (Tex. App.-Dallas 1989, writ denied). The abuse of discretion standard
governs a trial court's overruling a motion for new trial. Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). We will
reverse the default judgment as an abuse of discretion and order a new trial if we conclude that Vega established that (1)
her failure to answer was not intentional, or the result of conscious indifference on her part, but was due to a mistake or an
accident, (2) provided the motion for new trial sets up a meritorious defense, and (3) is filed at a time when the granting
thereof will occasion no delay or otherwise work an injury to the plaintiff. See Craddock, 133 S.W.2d at 126; see also Cliff
v. Higgins, 724 S.W.2d 778, 779 (Tex. 1987). We conclude the trial court abused its discretion.

1. Conscious Indifference.

Courts have applied the first Craddock prong liberally, and each case depends on its own facts. See The Moving Co. v.
Whitten, 717 S.W.2d 117, 119 (Tex. App. -Houston [14th Dist.] 1986, writ ref'd n.r.e.), citing Strackbein v. Prewitt, 671
S.W.2d 37 (Tex. 1984). Conscious indifference is a failure to take some action which would seem indicated to a person of
reasonable sensibility under the circumstances. Johnson v. Edmonds, 712 S.W.2d 651, 652-53 (Tex. App.-Fort Worth 1986,
no writ). Absence of a purposeful or bad-faith failure to answer is the "controlling fact," and even a slight excuse will
suffice, especially when delay or prejudice would not result. Gotcher v. Barnett, 757 S.W.2d 398, 401 (Tex. App.-Houston
[14th Dist.] 1988, no writ). If the factual allegations in the defaulting party's motion and affidavits would negate conscious
indifference, and if the party who obtained the default judgment fails to controvert those allegations, the trial court must
conclude that the defaulting party's failure to answer was the result of mistake or accident. Strackbein, 671 S.W.2d at
38-39.

Vega alleged that her failure to answer was due to mistake or accident. Vega acknowledged that Horton is the father of
R.L.H. and K.M.H. She had contacted the Texas Attorney General's Office and requested help in filing a child-support
case against Horton. After receiving service of Horton's Original Petition for Voluntary Paternity of Children she was "so
devastated" that she did not know what she was reading and did not read the citation. She was not familiar with civil
process, had no idea that she had to file an answer, and misunderstood what was going on when she was served. She
called Lois Shannon, the Live Oak County District Clerk, and Thomas Forehand, Horton's attorney, requesting information
about the suit. Neither told her that she had to file an answer to prevent the trial court from entering a default judgment
against her, which could result in her losing custody of the children. Based upon her conversation with Forehand she
thought that the petition was for blood tests so she could get court-ordered child support. She mistakenly believed that the
attorney general's office would help her in this case. She would have filed an answer had she known about that
requirement. She expected to receive notice of the August 23, 2000 hearing, and had she received notice, she would have
represented herself at the hearing.

Forehand testified that he told Vega to get a lawyer or represent herself at the hearing. He denied telling her that the suit
was for blood tests so she could get court-ordered child support.

Shannon testified that she told Vega to get an attorney and that she had to file an answer. However when counsel asked
her, "And did you tell her [Vega] that if she did not file an answer, the Court could take a default against her?", she said, "I
don't recall that I said those exact words."

Vega was, at most, negligent in failing to answer. However negligence alone will not preclude setting aside a default
judgment. See Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex. 1966). Vega made inquiry into the import of the suit by calling
Shannon and Forehand, and the evidence does not suggest purposefully indifferent conduct by Vega in failing to file an
answer. We conclude that Vega's evidence is sufficient to show that her failure to answer was not intentional, or the result
of conscious indifference on her part, but was due to a mistake or accident. 

2. Meritorious Defense. 

In order to satisfy Craddock's "meritorious defense" prong the defaulting party need only assert, but need not prove, facts,
which, if they were true, would produce a different result on retrial of the case, though not necessarily an opposite result. 
Ivy, 407 S.W.2d at 214; The Moving Co., 717 S.W.2d at 120. The trial court may not base its refusal to grant a new trial on
the merits of the defaulting party's alleged defenses. Ivy, 407 S.W.2d at 214.

The default judgment appointed Horton the joint managing conservator of Vega's children. Vega seeks a different result
and as a meritorious defense to the action maintains that she is the mother of R.L.H. and K.M.H. and had custody and
possession of them since their births. She has always served as the children's caretaker. She and her husband live in a
three-bedroom home in San Diego, Texas. Following the entry of the default judgment K.M.H. and R.L.H. now live with
Horton and his parents. Because Horton and his parents have day jobs outside the home, Vega's mother kept the children at
her home in the country located sixteen miles from Three Rivers. The house has no running water. Vega testified she was
concerned because "it's just too far for . . . [my mother] to be out there with my children, and if anything happens there is no
way to get out there." Vega did not work so she could take care of her children. At the time of the proceeding R.L.H. was
two and one-half years old and K.M.H. was one-year old. 

We conclude that Vega's motion for new trial sets up a meritorious defense to Horton's request that the court name him sole
managing conservator with right to determine the children's residency. A new trial would likely show that, based upon the
children's best interests, the court should name Vega as the sole managing conservator, or at least give her the right to
determine residency of the children. Texas courts uniformly recognize that the parental abilities of the parent seeking
custody and the stability of the home are factors to be considered in determining what is in the best interest of the children. 
Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976); Lowe v. Lowe, 971 S.W.2d 720, 724 (Tex. App.-Houston [14th
Dist.] 1998, pet. denied). Therefore since a portion of the judgment would likely not be sustained at retrial Vega has met
her burden of establishing a meritorious defense. See HST Gathering Co. v. Motor Serv., Inc., 683 S.W.2d 743, 745 (Tex.
App.- Corpus Christi 1984, no writ); Folsom Investments, Inc. v. Troutz, 632 S.W.2d 872, 875 (Tex. App.-Fort Worth
1982, writ ref'd n.r.e).

3. Delay or Injury.

Lastly the trial court abused its discretion in applying the third prong of the Craddock test. In Angelo v. Champion
Restaurant Equip. Co., 713 S.W.2d 96 (Tex. 1986) the court said that "The goal to be achieved is to not injure the plaintiff
or unduly delay him by granting the motion." Id. at 98. An equitable principle is involved, and the court should deal with
the facts on a case-by-case basis in order to do equity. Id.

In her motion for new trial Vega attests to her readiness to try the case when it is properly set for trial and that she will
reimburse Horton for reasonable costs and expenses incurred in taking the default judgment. Horton's counsel conceded at
final summation after the new-trial hearing that "[t]here is probably no delay in this case." In addition, there is nothing to
show that granting a new trial would prejudice Horton, especially when we consider that this suit involves the safety and
well being of two infant children. The nature of this dispute is not so complex that Vega would be unable to try this case
almost immediately. 

Because we conclude that Vega satisfied all three prongs of the Craddock test we hold the trial court abused its discretion
when it overruled her motion for a new trial. Accordingly we sustain the point of error.

The judgment of the trial court is REVERSED and the cause REMANDED for a new trial.



______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 10th day of January, 2002.