**Affirmed and Memorandum Opinion filed July 9, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00828-CV

---

**BDFI, LLC, Appellant**

**V.**

**BOXER PROPERTY MANAGEMENT CORPORATION, Appellee**

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2019-85286**

---

## MEMORANDUM OPINION

Appellant BDFI, LLC appeals from a post-answer default judgment rendered against it in favor of appellee Boxer Property Management Corporation. In four issues, BDFI argues the trial court abused its discretion by denying its motions for continuance (issues I and II), its motion for new trial (issue III), and for dismissing the jury panel and conducting a bench trial when it failed to appear for trial (issue IV). We affirm the judgment of the trial court as challenged on appeal.

# I.    BACKGROUND

In 2018, BDFI entered into a management agreement with Boxer to manage a commercial real estate property BDFI owned in Harris County. Several months later, the business relationship soured and BDFI failed to pay amounts due under the contract. Boxer terminated the contract, filed an affidavit of mechanic's lien, and ultimately filed suit alleging breach of contract, suit on a sworn account, and, alternatively, quantum meruit and promissory estoppel.

BDFI answered and asserted a counterclaim. In June 2022, BDFI's trial counsel voluntarily withdrew leaving BDFI without representation until August 5, 2022. When new counsel—attorney MacGeorge—appeared, the case was set for trial ten days later.

BDFI filed a motion for continuance requesting an extension of the trial date due to a conflicting trial setting in another Harris County district court the same week with the same client. The trial court extended the trial date by one week to August 23, to avoid conflicting trials.

The morning of August 22 BDFI filed another motion for continuance explaining that the conflicting trial was still ongoing and sought to delay its case with Boxer for at least 60 days. At 11 pm on August 22, BDFI filed a supplement to its motion for continuance requesting a continuance of the trial date by 60 days because its attorney was "unavailable for trial pursuant to medical instructions from a licensed physician, instructing her to not to perform work through August 26th." The trial court denied BDFI's motion for continuance and conducted a bench trial on Boxer's claims on August 23.

## II.    ANALYSIS

## A.    Applicable law and standard of review

The granting or denial of a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986). The denial will be reversed if the trial court acted without regard to guiding principles or was arbitrary or unreasonable. *See Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).

Trial courts may not grant a continuance "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. If the ground on which a party seeks a continuance is the absence of counsel, the rule states "absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record." Tex. R. Civ. P. 253. A movant must show that the failure to be represented at trial was not due to their own fault or negligence.[1] *Villegas,* 711 S.W.2d at 626.

## B.    First request for continuance

In issue I, BDFI argues that the trial court erred by denying its request for continuance of the trial date by 60 days. BDFI asserts the trial court should have either denied the first trial counsel's request to withdraw or granted a continuance. It maintains that ten days was not enough time to appropriately prepare for trial and that by the time MacGeorge appeared, the deadline to submit trial exhibit and

---

[1] The motion to withdraw filed by BDFI's former counsel is not part of our record, so the reason for their withdrawal is unknown. However, the order granting their withdrawal is part of the record.

witness lists had already passed. Here, we construe BDFI's issue as arguing that although the trial court granted the motion and continued the trial date by 8 days, the trial court nevertheless erred by not continuing the trial date by at least 60 days, as requested.

We conclude this issue has not preserved for appellate review. In its motion for continuance, BDFI requested "a continuance of the current trial setting because Defendants['] counsel and the principal of the Defendant are currently in trial in the 334th . . . and are expected to be so until August 18th, and possibly later." On that basis, BDFI sought a continuance of the trial for at least 60 days. BDFI's motion did not seek a continuance on the basis that more time was needed for trial preparation or that critical deadlines had passed while BDFI was unrepresented. The argument presented to this court as error was never made to the trial court. Therefore, the trial court had no opportunity to consider or rule on this request. Tex. R. App. P. 33.1.

We overrule issue I.

## C.    Second request for continuance

In issue II, BDFI argues that the trial court abused its discretion by denying the second motion for continuance without making a reasonable effort to determine whether MacGeorge's medical condition resulted in her failure to appear at trial.[2] BDFI further argues the trial court misread the doctor's discharge instructions and that error amounts to an abuse of discretion.

---

[2] BDFI also states "the trial court abused its discretion by denying Defendant's Second Motion for Continuance for the same reasons it abused its discretion when it denied Defendant's Motion for Continuance." However, as above in Issue I, BDFI requested the second continuance on the basis that its counsel and principal would be in trial on a different case. BDFI never argued that it needed more time to prepare or to respond to critical deadlines. Therefore, this argument is not preserved for appellate review with respect to the second motion for continuance.

We begin with BDFI's claim that the trial court's misreading of the doctor's note was error. BDFI argues that the doctor's discharge instructions state that MacGeorge should return in four days' time rather than excusing her from work for four days. However, the motion filed by MacGeorge on behalf of BDFI undercuts this argument. It states that MacGeorge was "unavailable for trial pursuant to medical instructions from a licensed physician, instructing her to not [] perform work through August 26th, 2022 due to ongoing health concerns." Regardless which interpretation of the note was intended by the doctor, or understood by the trial court, the difference in interpretation does not change the analysis or compel the conclusion the trial court erred. The trial court understood that BDFI was not appearing on August 23 (or any day that week) because MacGeorge was unavailable due to instructions from a physician.

The second motion for continuance did not explain MacGeorge's "ongoing health concerns." The single sheet of paper from the emergency clinic did not offer a diagnosis nor did it state that MacGeorge was physically unable to attend or unavailable. MacGeorge included an unsworn declaration with her motion that stated all the facts in the supplemental motion were true and correct. However, MacGeorge did not submit an affidavit from her medical provider establishing sufficient cause.[3] Tex. R. Civ. P. 251 ("[N]or shall any continuance be granted *except for sufficient cause supported by affidavit*[.]") (emphasis added); *see Olivares v. State*, 693 S.W.2d 486, 490 (Tex. App.—San Antonio 1985, writ dism'd) ("While appellant did attach his own affidavit of the facts, he had no supporting affidavit from medical personnel stating it was impossible, from a medical standpoint, for him to appear in court on March 19th."); *see also White v. Mapel*, No. 01-95-01125-CV, 1996 WL 496908, at *4 (Tex. App.—Houston [1st

___

[3] We presume without deciding that an unsworn declaration from the medical provider would satisfy Rule 251. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001.

Dist.] Aug. 29, 1996, no writ) (not designated for publication) (no abuse of discretion in denying motion for continuance when movant offered no evidence regarding nature of movant's condition).

Based on the record before this court, we cannot say the trial court abused its discretion in denying the second motion for continuance. We overrule issue II.

## D.    Motion for new trial

In issue III, BDFI asserts the trial court erred and abused its discretion by denying its motion for new trial. On appeal, BDFI argues that it met the *Craddock* test for setting aside the default judgment.

### 1.  Standard of review

We review a trial court's denial of a motion for new trial for abuse of discretion. *E.g.*, *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). A trial court abuses its discretion if it fails to grant a new trial when a defaulting defendant proves each element of the *Craddock* test. *Id.* at 926. A default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).

### 2.  The record

The record before us includes a motion for new trial and a ruling on what appears to be BDFI's amended motion for new trial. It is unclear on the record before us whether there was an amended motion for new trial. However, issue III does not discuss or address any argument made in the amended motion for new

trial; therefore, the amended motion for new trial is not necessary to address any issues raised in this appeal.[4] *See* Tex. R. App. P. 47.1. Although there is no order denying the motion for new trial, we can presume it was overruled as a matter of law. Tex. R. Civ. P. 329b(c). Although Boxer suggests that a hearing was held on the motion for new trial, there is nothing in the clerk's record or the reporter's record to reflect a hearing was requested or held.[5]

Regardless of whether a hearing was held, evidentiary hearings are not required to be held on a motion for new trial, except for complaints on which evidence must be heard. Tex. R. Civ. P. 324; *see Action Powersports, Inc. v. 1STEL, Inc.*, 500 S.W.3d 632, 640 (Tex. App.—Texarkana 2016, no pet.) ("When no hearing is held, we look to the motion for new trial and any accompanying affidavits to determine if this burden is met."). However, in the context of a challenge to a default judgment under the *Craddock* test, it is sufficient that any affidavits supporting any element of the *Craddock* test are attached to the motion for new trial and made part of the record. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) ("Affidavits attached to the motion for new trial do not have to be offered into evidence in order to be considered by the trial court for the meritorious defense element or any other element of the *Craddock* test."). The lack of a hearing record is not dispositive of

---

[4] Boxer argues that the amended motion for new trial filed by BDFI superseded the original motion for new trial. Boxer further argues that the amended motion for new trial is not in the appellate record. Therefore, Boxer asks us to conclude that BDFI's motion for new trial (which is in the record) has been superseded and does not preserve error on any of its arguments challenging the default judgment. However, the amended motion for new trial, if it was filed, is not in the record before us. We cannot assume, without more, that the order granting the amended motion for trial necessitates a conclusion there was a timely-filed amended motion for new trial. We also cannot reach any conclusions about the timeliness or effect of filings that are not in the record.

[5] Even if a hearing was held, which we cannot discern from this record, it is not clear whether the hearing was an evidentiary hearing.

this issue. We must review the affidavits attached to the motion for new trial.

### 3. *Craddock* test

Because it is dispositive of the issue, we begin with the second *Craddock* factor—whether BDFI set up a meritorious defense in its motion for new trial. BDFI argues that it has a meritorious argument for reducing the amount of damages awarded against it.

The second prong of the *Craddock* test requires BDFI to "set up" a meritorious defense in its motion for new trial. *Craddock*, 133 S.W.2d at 126. Setting up a meritorious defense does not require proof "in the accepted sense." *Dolgencorp*, 288 S.W.3d at 927–28. Rather, the motion sets up a meritorious defense if it alleges facts which in law would constitute a defense to the plaintiff's cause of action and is supported by affidavits or other evidence providing prima facie proof that the defendant has such a defense. *Id.*; *see Guaranty Bank v. Thompson,* 632 S.W.2d 338, 339 (Tex. 2006). It is sufficient if at least a portion of the judgment would not be sustained on retrial. *See, e.g.*, *HST Gathering Co. v. Motor Serv., Inc.,* 683 S.W.2d 743, 745 (Tex. App.—Corpus Christi 1984, no writ) (defendant set up prima facie defense as "to some, if not all, of the monies" awarded in judgment); *Folsom Invs., Inc. v. Troutz,* 632 S.W.2d 872, 875 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.) (defendant set up meritorious defense as to lesser amount of damages; opposite result of total nonliability need not be proved). However, conclusory allegations are insufficient. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992).

Although BDFI argues that it has a meritorious defense to the award of damages, BDFI never set up any meritorious defense. The trial court in its final judgment held that the parties entered into a valid and enforceable contract, which BDFI breached by failing to pay the amounts due. Both in its motion for new trial

and in this court, BDFI does not explain how or why there would have been a lesser award of damages if it had been present at trial to contest the damages. Although BDFI highlights that Boxer's damages included charges for a $25.00 Starbucks gift card and a picture frame, suggesting that such charges were inappropriate, it offers no explanation as to why those charges or any other charges comprising Boxer's damages were not recoverable under the contract between the parties.[6, 7]

Other than saying things would be different if it could have challenged the damages, BDFI offers no explanation or legal argument of which damages it would challenge or under what legal theory or defense it would make its challenge. Boxer introduced evidence and testimony at trial. At this stage, BDFI must do more than say Boxer "will need to account for all $72,943.62 in itemized charges in the

---

[6] BDFI also argues that it filed a verified denial of Boxer's sworn-account claim because not all lawful offsets and credits were made. The trial court's final judgment did not reference the suit-on-a-sworn-account claim. However, we note that the filing of a sworn denial merely destroys the evidentiary presumption that the affidavit attached to the suit is the evidence necessary to establish a prima facie right of recovery. *See* Tex. R. Civ. P. 185; *Tandan v. Affordable Power, L.P.*, 377 S.W.3d 889, 894 (Tex. App.—Houston [14th Dist.] 2012, no pet.). By filing a sworn denial, BDFI forced Boxer to introduce proof of its claim, which Boxer did at trial. BDFI did not outline in its motion for new trial any facts or defenses that demonstrate any legal entitlement to offsets or credits that it did not receive. *See Siegler v. Williams*, 658 S.W.2d 236, 239 (Tex. App.—Houston [1st Dist.] 1983, no writ) ("The appellant pleaded legal conclusions and [failed] to allege facts sufficient to set up a meritorious defense. We hold that the trial court did not abuse its discretion in overruling the appellant's motion for new trial.").

[7] BDFI also alleges in its motion for new trial that it had a meritorious defense in that Boxer previously breached the management contract. Although BDFI states there is testimony and evidence "in the record of this Court" that establishes a fact issue on Boxer's failure to perform under the contract, BDFI does not allege a material breach. When a party commits a nonmaterial breach, the other party "is not excused from future performance but may sue for the damages caused by the breach." *Bartush-Schnitzius Foods Co. v. Cimco Refrigeration, Inc.*, 518 S.W.3d 432, 436 (Tex. 2017) (per curiam); *see generally, e.g.*, *Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("A breach of contract occurs when a party fails or refuses to do something he has promised to do."). Even so, BDFI provided no affidavit or evidence in its motion for new trial to establish such a defense. Therefore, we conclude this issue was not preserved for appellate review.

General Ledger." This statement does not set up a meritorious defense. Because BDFI did nothing more than assert its conclusion that some unknown amount of the *itemized charges* introduced into evidence were not recoverable, we conclude that BDFI has not met its burden to set aside the default judgment.[8] *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) ("This does not mean that the motion should be granted if it merely [a]lleges that the defendant 'has a meritorious defense.' The motion must allege [f]acts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense."); *Action Powersports*, 500 S.W.3d at 640 ("[T]he allegations that [defendant] is entitled to offsets and that [plaintiff] failed to provide the promised services are conclusory. There are no facts alleged showing what services [plaintiff] failed to provide or establishing that [defendant] was entitled to an offset. Therefore, the motion did not set up a meritorious defense for [defendant].").

We conclude the trial court did not abuse its discretion by denying appellants' motion for new trial. *See Heine*, 835 S.W.2d at 83 (concluding that, because appellants failed to satisfy first element of *Craddock* test, it was not necessary to reach other two elements). We overrule issue III.

## E.    Dismissal of jury panel

In issue IV, BDFI argues the trial court abused its discretion by dismissing the jury panel and conducting a bench trial. In support of this issue, BDFI argues that it properly demanded a jury trial and that its absence from trial was not voluntary.

---

[8] The motion for new trial does contain, as an exhibit, a verification signed by an employee of BDFI. This verification was attached to BDFI's third amended answer and counterclaim filed more than a year before the motion for new trial. The verification standing alone provides no facts, only legal conclusions, to set up a meritorious defense for BDFI.

Rule 220 of the Texas Rules of Civil Procedure provides:

> When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested. If so permitted, the court in its discretion may by an order permit him to withdraw also his jury fee deposit. Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury.

Tex. R. Civ. P. 220. Although BDFI argues its failure to appear must be voluntary, the rule contains no such language and BDFI cites to no authority supporting such a requirement.[9] This court has previously discussed that even an untimely appearance for trial, under the rules, may forfeit a right to jury trial. *In re Marriage of Harrison*, 557 S.W.3d 99, 136 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (citing *In re T.K.*, No. 09-09-00472-CV, 2010 WL 890657, at *4 (Tex. App.—Beaumont Mar. 11, 2010, no pet.) (mem. op.) (counsel's appearance four hours late deemed waiver of right to jury trial) and *Money v. Jones*, 766 S.W.2d 307, 308–09 (Tex. App.—Dallas 1989, writ denied) (trial counsel's refusal to go forward with trial constituted failure to appear and waived right to jury trial)).

Because BDFI did not appear for trial, it waived its right to a jury trial. *C4 Food Truck, LLC v. Lewis*, No. 14-21-00292-CV, 2024 WL 973760, at *1 (Tex.

---

[9] BDFI cites a few cases for general propositions. For instance, it cites to *Mendez v. State*, for the proposition that due process of law is required for the waiver of constitutional rights. *Mendez*, 138 S.W.3d 334, 344 (Tex. Crim. App. 2004). However, *Mendez* is a criminal case and BDFI did not preserve any argument regarding deprivation of a constitutional right in a civil case. BDFI also cites two other cases for the proposition that the trial court's removal of a case from the jury docket once it is properly on the jury docket is error. *See Cardenas v. Montfort, Inc.*, 894 S.W.2d 406, 409–10 (Tex. App.—San Antonio 1994), *writ denied per curiam*, 924 S.W.2d 156 (Tex. 1996) ("We find no error in the judgment of the court of appeals. However, we neither approve nor disapprove its opinion. The petition for writ of error is denied."); *Zemanek v. Boren*, 810 S.W.2d 10, 11–12 (Tex. App.—Houston [14th Dist.] 1991, no writ.). However, neither case addresses a situation in which a party has failed to appear for trial and therefore is not instructive on the issue raised by appellant. Similarly, BDFI also cites to *Halsell v. Dehoyos*, which addresses the timeliness of a request for a jury trial and not the situation of a party that did not appear for trial. *Halsell*, 810 S.W.2d 371 (Tex. 1991).

App.—Houston [14th Dist.] Mar. 7, 2024, no pet.) (mem. op.) ("Because appellants did not appear for trial, they waived their right to a jury trial."). We overrule issue IV.

## III. CONCLUSION

Having overruled BDFI's four issues, we affirm the judgment of the trial court as challenged on appeal.

/s/ Charles A. Spain
   Justice

Panel consists of Justices Wise, Spain, and Hassan.